NEWTON *v.* NEWTON.

Co-administrators, who give a joint bond as security for faithful administration, are jointly liable as principals for waste committed by either, though without fault upon the part of the other.

APPEAL, by Mary M. Newton against Francis J. Newton, from a decree of the judge of probate adjudging the appellee and the appellant, joint administrators of the estate of Charles L. Newton, jointly liable for waste of said estate. Upon the petition of the appellant, the appellee had been cited to appear and settle his administration account, and said decree was made upon such settlement. The parties were appointed administrators of said estate, and gave a joint and several administration bond in the customary form as principals, with Sylvester F. Stowell and George C. Moore as sureties. It was agreed, that if the court should be of the opinion that the appellant was absolutely liable jointly with the appellee for waste committed by him, although the assets of said estate went entirely into his possession and no portion of them went into her possession, the decree should be affirmed ; otherwise, that the case should be discharged for the purpose of submitting to a jury the question whether the appellant is liable for said waste.

*Burke,* for the appellant.

*Barton,* for the appellee.

HIBBARD, J. It was a rule of the common law, that an executor was not liable for waste or other misconduct on the part of a co-executor. Toller on Executors 472. The reason for this was said to be that the misplaced confidence of the testator in one of his executors ought not to be allowed to operate to the prejudice of another. Whether this rule ought ever to have been extended beyond the reason for it, and applied also to administrators, is a question which does not arise on

the facts of this case. It might have arisen had these parties given separate bonds, but they gave a joint and several bond. Where joint executors execute a joint bond for faithful administration, both are responsible for all the acts of either during the continuance of the joint executorship.    2 Redf. on Wills 82 ; *Brazer* v. *Clark*, 5 Pick. 96 ; *Towne* v. *Ammidown*, 20 Pick. 535 ; *Ames* v. *Armstrong*, 106 Mass. 15.    This must be equally so in the case of joint administrators.    In *Sparhawk* v. *Administrators of Buell*, 9 Vt. 41, PHELPS, J., dissenting, contended that executors giving a joint bond were jointly liable only in an action upon the bond ; but this view was not sustained by the majority of the court.

It has been suggested by the appellant's counsel that she can only be held liable as one of the sureties of the appellee on account of waste committed by him, but by the bond these parties bound themselves as principals, and the other signers bound themselves as sureties, that the estate should be faithfully administered ; and according to the authority of *Brazer* v. *Clark* and *Towne* v. *Ammidown*, before cited, she incurred a liability as principal upon the bond and no other, and to hold her now liable as surety " would be changing the character of her engagement."

The case does not present any question relating to the rights or liabilities of these parties as between themselves, but if the appellant shall be compelled to account to the estate for waste committed by the appellee, without any fault or neglect on her part, she must be entitled to recover from him the amount thus paid by her.    As it was the duty of the judge of probate to charge both administrators with all waste committed by either, it was unnecessary for him to determine whether the waste was occasioned by the fault of both of them, or of one only.

The result we have reached will do justice to the sureties if the appellee is insolvent.    We think they might reasonably expect to rely on both of the principals, in case of default on the part of either.

*Decree of the judge of probate affirmed.*