CLARKE and WIFE, Adm'rs of UNDERWOOD, *vs.* STATE use WILLIAMS, Ex'tx of WILLIAMS.—*December*, 1834.

Where joint administrators unite in the same testamentary bond, they are jointly and severally answerable, not only each for his own acts, but also each for the acts of the other. When they do not design to place themselves in that attitude, they should execute separate bonds.

So where the plaintiff had obtained judgment against H, as the surviving administrator of U, and issued a *fi fa.*, upon which the *nulla bona* was returned, and then sued the administrator of C, (who had been in his life-time joint administrator with H, upon the estate of U, upon the joint testamentary bond of H and C; it was HELD, that for this *devastavit* of H, the joint bond was answerable.

APPEAL from *St. Mary's* county court.

The suit was instituted on the 8th of February, 1831, by the appellee, against the appellant, as the administrators of *Calistus Underwood*, the co-administrator with one *Robert Holton*, of *Jeremiah Underwood*, deceased.

The bond on which the action was brought is dated Oc-

tober 13th, 1821, and conditioned in the common form for the faithful performance by *Holton*, and the appellant's intestate, of their duty as administrators of the said *Jeremiah Underwood*.

To the appellant's plea of performance of the condition of the bond, the appellee replied, setting out a judgment recovered by her against *Holton*, the surviving administrator; the issuing of a *fieri facias*, and the return of *nulla bona* thereon.

To this replication the defendants demurred specially.

1. That it appears by said replication, that no judgment was obtained against *Jeremiah Underwood* in his life-time, or against his administrators in the life-time of the said *Calistus*, who was one of them; but charges him with a *devastavit* committed by *Holton*, the surviving administrator.

2. That no breach is assigned as having been committed by the said *Calistus*, either separately, or jointly with said *Holton*.

The plaintiff joined in the demurrer, and the judgment of the county court upon it being in her favor, the defendants appealed to this court.

The cause was argued before BUCHANAN, Ch. J., and DORSEY, and CHAMBERS, J's.

*John M. S. Causin*, for the appellants, contended,

1. That one executor or administrator is not liable for the *devastavit* of another, unless he has in some way contributed to its commission. *Tollers' Ex's*, 407, 429. 2 *Ves. Jr.* 267. 1 *Chitty*, 546. *Statute Chas.* II. *ch.* 23. Executors may sever in pleading, and a judgment against one cannot be binding on the other.

The act of 1798, *sub-ch.* 3, *sec.* 1, provides, that each executor shall give bond for the performance of his duties, and upon the death of one, every power and obligation resulting from the office, devolves on the survivor, just as though the letters of the deceased had been revoked by the

proper authority. The condition of executors or administrators in this respect, is analagous to that of partners, among whom death devolves rights and responsibilities to the survivors.

2. Nor can the deceased executor be charged as the surety of the survivor, from the circumstance of their uniting in the same bond. The bond is to be treated as the separate bond of each, though the sureties are answerable for both. If the principals in the bond can be considered as reciprocally sureties for each other, then when there are three or more sureties, *eo nomine*, might be dispensed with, which is in conflict with the policy of the law. It will hardly be denied, but that the death of one of the executors discharges him as a principal in the bond, for all the acts of misconduct or mal-administration subsequently committed; and if so, it would be singular, if he is to continue responsible as surety, when the relation of surety is raised by implication merely. Besides, regarding the deceased executor as a surety for the survivor; then if he is made to pay the money, he or his representatives could call on the sureties *eo nomine* for contribution, which will scarcely be contended for.

If each executor is liable, as surety, for the other, they should have the privileges belonging to that situation, and among them the right to call on the co-executor for counter security. 3 *Johns. Cas.* 53.

*Tuck*, for the appellee.

It is admitted, that in *England* you cannot charge one executor *as such*, with a *devastavit* committed by his associate. But it does not follow, that they are not mutually and reciprocally responsible for each other, where they unite, as is the case here, in the same bond. The responsibility of parties to a bond here, and in *England*, under the statute of *Charles*, is not the same. 1 *Salk.* 316. 1 *Wms. Ex'rs*, 332-3. In *England*, one executor cannot compel another to give counter security, which may be done here under the act of 1816, *ch.* 203, *sec.* 4.

This case is to be decided upon the *Maryland* law, and the rights and responsibilities of the parties depend upon the contract as expressed in the bond.

The two administrators entered into a joint bond, which makes them answerable as well for the acts of each other as for themselves. The performance of either discharges the bond, but there must be a performance by one, or both.

DORSEY, J., delivered the opinion of the court.

We cannot adopt the anomalous character attempted to be given to the bond on which the present action is founded, viz: that it is, as it were, the separate bond of each administrator, in which the securities are bound for both; but the administrators are not responsible the one for the other. Had the administrators designed to place themselves in that attitude, they should have executed separate bonds. By the unequivocal import of the present obligation, which we cannot control, and are not at liberty to depart from, they are jointly and severally answerable, not only each for his own act, but also each for the acts of the other. Concurring in opinion, therefore, with the county court,

JUDGMENT AFFIRMED.