# Stephens *et al. v.* Taylor, Adm'r.

*Bill in Equity to establish Devastavit and hold Sureties of Administratrix liable.*

1. *Bond of co-executors, to whom sureties on, not liable.*—Two or more executors or administrators entering into a joint bond for the faithful performance of their duties, are liable for the acts and defaults of each other, unless the bond itself shows that they did not intend to become so bound, and they and each of them come under the obligation to hold their sureties harmless against loss by any default on the part of either of the principals; and though one or more of the executors dies, the bond remains a security for the performance of duty by the other, unless proper steps are taken to have the bond made inoperative for future defaults.

APPEAL from Greene Chancery Court.
Heard before Hon. A. W. DILLARD.
The opinion states the facts.

ENOCH MORGAN, for appellants.

SNEDECOR & COCKRELL, *contra.*

MANNING, J.—Mary A. Stephens, one of the appellants, and John L. Stephens, appellee's intestate, were appointed executors of the will of James Stephens, deceased, and for their fidelity as such, executed their joint and several bond, with the other appellants, Cameron and Sanford, as their sureties. At the end of a year, the executors made a partial settlement, whereby it appeared that their disbursements, added to the costs of administration and the sum allowed them for commissions, exceeded their receipts of money to that time by about $500.

Both executors continued to carry on the business of the estate, keeping it together according to the will, said John L. having the chief management, until his death, about six months afterwards. From the survivor, said Mary L., who continued in office, a large part of the property and assets

of the estate was subsequently recovered by other persons claiming thereto a superior title. And the estate became insufficient to pay the debts.

Among those who sued as creditors of the estate was the administrator of the deceased executor, John L. Stephens, who, without having made any settlement of his intestate's administration, in the Probate Court, brought an action at law against the surviving executrix as such, in the Circuit Court of Greene county, for the sum above referred to, standing to the credit of both at the end of the first year of their administration, and he was allowed to recover judgment for one-half of that sum. An execution thereon having been returned "no property," the present suit was brought by the administrator of John L., by bill in equity, against Mrs. Mary A. Stephens, alleging devastavit by her, and against said Cameron and Sanford, the sureties upon the bond of herself and of plaintiff's intestate, to recover the amount of the judgment of the Circuit Court from them ; and a decree was rendered therefor in his favor against them, from which this appeal was taken.

The judgment in the Circuit Court, though wholly erroneous, remains unreversed and unsatisfied.

Two or more executors or administrators entering into a bond together for the faithful performance of their duties, "are liable for the acts and defaults of each other, unless the bond itself shows that they did not intend to become bound for each other's defaults."— *Williams and Wife v. Morrison*, 19 Ala. 277 ; *Jones' Heirs v. Jones' Distributees*, 42 Ala. 218, and other cases cited in 1 Brick. Dig. 924, § 135, &c. The sureties to such a bond become responsible to creditors, distributees and heirs of the deceased for the faithful administration of his estate by their principals, the executors, and each of them. And they and each of them, (the principals,) come under obligation to hold their sureties harmless and indemnified against loss by any default on the part of the principals. These are the duties towards one another that spring out of the relations created by the bond.

This instrument does not become void and inoperative by the death of any one of the parties. Should one of the executors die, of course he becomes unable to perform any acts of administration. But the bond remains in force as a security for the proper performance by the other of his duties in respect to the estate, unless some one of the obligors shall, according to law, have the bond made inoperative for future defaults.—*Moore v. Wallis et al.*, 18 Ala. 458.

Now, in the cause before us, the relations and liabilities of the parties are inverted. By the decree, one of the prin-

[Lovelace et als. v. Webb et als.; Junkins v. Lovelace et als.]

cipals recovers of his sureties damages for a supposed default of either himself and his co-principal, or of the latter alone.   This is manifestly erroneous.

Let the decree of the Chancellor be reversed and the bill be dismissed.