No. 10,417.

## WILLIAMS *v.* THE STATE, EX REL. JOHNSON ET AL.

BOND.—*Partition.—Commissioners to Sell.—Parties.*—In a suit on a joint and several bond of a commissioner to sell lands in partition, any one of the obligors may be made sole defendant; nor in any case need the personal representative of a deceased obligor be made a defendant.

SAME.—*Breaches.*—The failure of a commissioner to sell lands in partition, to account for money which came to his hands as such, is a breach of his bond, for which his surety is liable. So, also, where he sold notes received for purchase-money of the land and converted the proceeds to his own use, though it be true that he had no authority to sell the notes.

DEMURRER.—*Defect of Parties.*—A demurrer for defect of parties defendants must specify the defect by naming the omitted party.

From the Carroll Circuit Court.

*L. G. Beck, J. Applegate* and *C. R. Pollard,* for appellant.
—— *Boyd, N. J. Howe* and *J. B. Kane,* for appellees.

ELLIOTT, J.—The complaint of the appellee's relators is upon a bond executed by Bernard B. Daily as principal and the appellant as surety, conditioned for the faithful performance of the duties of commissioner to sell real estate, pursuant to an interlocutory order made in a suit for partition. The complaint shows that Daily is dead, but does not show that any administrator has been appointed.

The first point made in argument is, that there is a defect of parties defendants, in that the representative of the estate of the deceased obligor was not joined as defendant. The demurrer is not so framed as to present this question, for the reason that it does not point out the defect by naming the omitted party. Works Prac., sec. 483. If, however, it were so framed as to properly present the question, we could not hold it well taken, for two reasons: 1st. The obligation sued on is joint and several, and the obligee had a right to sue one alone of the obligors. 2d. The complaint discloses the fact that one of the obligors is dead, and the obligee was not bound to make his representative a party, even if the obligation were treated as a joint one.

The complaint shows that the principal in the bond received money for which he did not account, and this, of itself, makes the pleading strong enough to repel a demurrer, for it shows the plaintiff entitled to some relief. *Bayless* v. *Glenn*, 72 Ind. 5. We think, however, that the complaint is good in all its parts. It is said to be bad because it shows that the commissioners transferred the notes received in payment for the land sold by him, and that, as he had no authority to sell these notes, no liability attaches to his surety. There is no force in this argument. The sale of the notes and the conversion of the proceeds of the sale were a complete and actionable breach of the bond.

It may be true that the commissioner had no right to sell or pledge the notes executed to him, but whether this be true or not can not here affect the rights of the relator, for he was not bound to hunt up and take from the assignees or endorsees the notes wrongfully transferred to them ; he had an undoubted right to call the commissioner to an account, and if it appeared that he had wrongfully converted any money that came into his hands as commissioner, hold the sureties on the bond liable for the amount so converted. We need not and do not decide what rights the surety may have against the persons purchasing the notes from the commissioner, but we do decide that the obligees can not be driven to the expense and hazard of a controversy with them, but may maintain an action upon the bond executed by the commissioner.

The money which the commissioner received for the notes sold by him belongs to the beneficiaries in the bond executed by the commissioner to secure the faithful performance of his duties, and neither the representative of the commissioner nor his surety can set up that officer's wrong to defeat a recovery by the persons entitled to the money received from the sale of the notes.

Judgment affirmed.