R. D. JAMISON, Adm'r, *et al. v.* M. LILLARD *et al.*

1. EXECUTORS. *Joint liability.* Joint executors executing a joint bond with sureties, are each responsible to creditors and distributees for the defalcation of the other before the sureties.

2. SAME. *Same. Statute of limitations.* Where one of said executors died, and more than two years and six months elapsed after the qualification of his administrator, before suit is brought against such administrator by the guardians of the devisees for recovery of the defalcation of the co-executor, and also against the sureties upon a plea of the statute of limitations of two years and six months interposed by said administrator: *Held,* while the plea is good, yet as the sureties would be entitled upon a decree being rendered against them, to a judgment over by motion against said administrator, to avoid circuity, the court will in the first instance render a judgment against him as principal, and the sureties as such.

FROM RUTHERFORD.

Appeal from the Chancery Court at Murfreesboro. JNO. W. BURTON, Ch.

B. F. LILLARD for complainant.

E. D. HANCOCK, E. H. EWING, PALMER & RICHARDSON for defendants.

COOKE, Sp. J., delivered the opinion of the court.

Alfred Blackman died testate, and in July, 1872, W. B. Lillard and H. O. Blackman were qualified as his executors, having executed bond as such with W. A. Ransom and G. S. Harding their sureties. In September, of the same year, H. O. Blackman died in-

testate, and R. C. Blackman was appointed and qualified as his administrator. W. B. Lillard, who was the active executor of Alfred Blackman, deceased, and who received all the assets of said estate—amounting to over $14,000—continued to manage the affairs of said administration of said estate, and became insolvent without having accounted for a considerable portion of the assets in his hands.

On March 2, 1875, he executed to James D. Richardson, as trustee, a deed of trust upon all his real estate for the benefit of a number of his creditors, among whom were some of the legatees and devisees under the will of his testator, Alfred Blackman, deceased, and in 1876 died intestate and insolvent. Complainant, R. D. Jamison, became his administrator. After the death of said W. B. Lillard one A. J. Fanning was appointed administrator *de bonis non*, with the will annexed of said Alfred Blackman, deceased. On February 2, 1878, this bill was filed by Jamison as administrator of said W. B. Lillard, deceased, and J. M. Saunders and H. H. Norman as guardian of Jennie and Robert Royal, minors and devisees of said Alfred Blackman, deceased, on behalf of themselves and all other creditors of W. B. Lillard, deceased, who might see proper to make themselves parties. The bill is against the heirs-at-law of W. B. Lillard, deceased, and seeks to have his estate administered and wound up in the chancery court as an insolvent estate.

It is against the administrator *de bonis non* as well as the heirs and devisees of Alfred Blackman, deceased, and seeks to have that estate settled up. It is against

R. C. Blackman, administrator of H. O. Blackman, deceased, as well as his heirs-at-law, and Ransom and Harding, the sureties upon said executor's bond of W. B. Lillard and H. O. Blackman, and seeks to hold said administrator and sureties liable for the *devastavit* of W. B. Lillard, executor, and of Alfred Blackman, deceased. It is against James D. Richardson, and seeks to have him removed as trustee, and an account of his execution of said trust so far as it has been executed, including rents of said lands received by him, and to have said trust executed. and settled up in the chancery court.

It also alleges that W. B. Lillard was indebted to B. F. Lillard, as solicitor, in the sum of $500 for filing [a bill against some [people by the name of Puckett, in regard to some matter connected with the lands conveyed in trust to Richardson, the nature or result of which is not specifically stated, by which, however, it is alleged that Richardson was unable to secure the rents of said lands, and alleges that said B. F. Lillard is entitled to a specific lien for said fee upon said rents in the hands of Richardson as trustee, said solicitor, B. F. Lillard, however, is not made a party.

Said W. B. Lillard, by his deed of trust to Richardson, in addition to the lands conveyed, also conveyed his interest in some two or three deeds of trust or mortgages which he held and which had been executed to him by different parties to secure certain specified indebtedness to him; and the bill is also against these parties to said mortgage or deeds of

trust, and seeks to have them executed and foreclosed in said chancery court.

Said complainants, Saunders and Norman, guardian, ect., allege that said Saunders and said wards of Norman are creditors of said W. B. Lillard, and their respective demands are secured by said deed of trust of Richardson, and they seek the same relief as stated above. Said Norman, guardian, etc., also alleges that said W. B. Lillard, as additional security for the debt due to his said wards, also conveyed to one Thomas O. Lillard all the right, claim and interest he had in the estate of H. O. Blackman, deceased, as sole heir of his deceased wife, and seeks an account to ascertain the amount of said share in said H. O. Blackman's estate, and the amount said Thomas O. Lillard has received on the same, and a decree for the balance in the hands of H. O. Blackman's administrator. There are many other matters and things stated and alleged in said bill, which, for the purposes of this opinion, it is unnecessary to state.

All of the numerous parties to the bill submitted to the jurisdiction except respondent, James D. Richardson. He demurred, and assigned several causes of demurrer, the principal cause being that the bill was multifarious. The demurrer was overruled and leave specially given to rely upon the same causes by way of answer, which was done. Several of the other respondents answered the bill, and among them R. C. Blackman, administrator of H. O. Blackman, deceased, and among other defenses shows that he was appointed and qualified as administrator of H. O. Blackman,

deceased, at the October term, 1872, of the county court, and pleads and relies upon the statute of limitations of two years and six months as a bar to all the relief sought against him as administrator on the estate of his intestate by reason of said H. O. Blackman, deceased, having qualified and executed bond jointly with said W. B. Lillard as executor of Alfred Blackman, deceased, and also insists that none of the assets of said estate ever came to the hands of his intestate, but says that said Lillard alone received the entire amount of said assets, and that said H. O. Blackman died some two or three months after he qualified as such executor, and insists that the sureties upon said bond are liable before the estate of his intestate for the *devastavit* committed by Lillard. Judgments *pro confesso* were taken against such of the respondents as did not answer.

The cause was referred to the master to hear proof and report the assets belonging to the estate of W. B. Lillard, deceased, which had or should have come to the hands of said complainant Jamison as his administrator, and also the outstanding indebtedness against said estate. The master reported that there were no assets in the hands of said administrator, and the outstanding debts against said estate amounted to the aggregate sum of $29,845.69, which was confirmed. The cause was also referred to the master at the October term, 1878, to hear proof and report the amount of the assets of the estate of Alfred Blackman, deceased, which had come to the hands of said W. B. Lillard, executor, etc., for distribution among the heirs

and the amount of the share of said minors, Jennie and Robert Royal, also the amount of assets belonging to said estate collected by A. J. Fanning, adminis- trator *de bonis non,* etc., and the amount still due said estate, how much is still due said minors, Jen- nie and Robert Royal, and the amount still due each of the other heirs and legatees of Alfred Blackman, deceased, and the amounts that had been paid them and by whom and when, etc.

The master made his report to the April term, 1879, showing among other things a balance in the hands of said W. B. Lillard, executor, of over $6,000. This report was excepted to by various parties, and on the 14th day of May, 1880, the cause came on to be heard, upon all the pleadings and proceedings had in the cause, upon proof and upon the argument of counsel, and the court being of opinion that James D. Richardson, trustee, etc., should not have been made a party to this cause, and that the bill as to him is multifarious, and that the demurrer of said Richardson, upon which he was allowed to rely in his answer, should be allowed, it was therefore decreed that said bill be dismissed as to him, etc. And on the same day the cause came on to be further heard, etc., on the proceedings had in the cause and the report of the master made to the April term, 1879, and ex- ceptions of the complainants and respondents thereto.

The report of the master as modified by the action of the chancellor, ascertained the balance of the assets of the estate of Alfred Blackman, deceased, in the hands of said Lillard, surviving executor, unaccounted

for, to be the sum of $4,060.30, and in the hands of
A. J. Fanning, administrator · de bonis non, the sum
of $3,000, and the chancellor made specific decrees in
favor of the devisees of said Alfred Blackman, appro-
priating said funds in the hands of said administrator
de bonis non to equalizing in amounts received by each,
specifying the sum to which each was entitled. He
also decreed that the said devisees of Alfred Black-
man recover of the said R. C. Blackman, adminis-
trator of H. O. Blackman, deceased, as. principal, and
of said W. A. Ransom and G. S. Harding, sureties
on said executor's bond, the sum of $4,060.30, and
awarded execution therefor. And specifically decreed·
the proportion in which the parties were entitled to
the same when collected. The costs arising from the
matters adjudicated were adjudged, and at the close of
the decree it was stated that all other questions not
adjudicated are reserved. It was also ordered that no
execution issue against said Fanning, administrator de
bonis non, until he shall have collected the portion of
said assets with which he was charged that remained
uncollected (which was in judgments), and that the
cause will be retained in court for the purpose, so far
as he is concerned, of issuing executions for sums which
shall be made to appear that he has collected of the
fund. From this decree R. C. Blackman, administrator
of H. O. Blackman, deceased, has alone appealed.

Although it was stated that all questions not ad-
judicated were reserved, yet this was the final decree
in the cause. The bill having been dismissed as to·
respondent Richardson, the matters of relief sought as·

to said trust were eliminated from it, and the decrees pronounced settled all the other questions in regard to the matters disconnected with it. It was treated as a final decree, both by the chancellor and the parties. The appeal of R. C. Blackman, administrator, was granted as a matter of course, upon his giving bond for the appeal, no leave for that purpose having been either asked or granted.

It is now insisted, however, on part of complainants, that the decree was not final, and if not premature, the appeal of Blackman, administrator, etc., brought up the whole case for review by this court. But as we have already seen, the decree was final, and the whole case disposed of except the execution of the decree itself, and does not fall within the principle decided in the case of *Williams* v. *Burg*, 9 Lea, 455, where an appeal was allowed from a decree settling the rights of the parties and ordering an account, before the account was taken, and where it was held that an appeal permitted in that state of the case, if considered at all by this court, necessarily involved the investigation of the entire matters settled or adjudicated by the decree so appealed from.

Blackman, administrator, etc., as we have seen, insists that his liability upon his bond as executor, was secondary to that of Ransom and Harding, his sureties upon the bond. This was decreed against him, and he was held primarily liable. He also pleaded the statute of limitations in bar of the relief sought, this was also decreed against him, and this is the error he assigns upon his appeal. There was no sort of con-

nection between the rights of Richardson, as trustee of W. B. Lillard, and R. C. Blackman, administrator of H. O. Blackman, deceased. They were both respondents, and their rights wholly separate and distinct. Neither of them was affected by the decrees as to the other. Hence, it is too well settled now to admit of discussion that the appeal of Blackman, administrator, left the decree in full force as to the other respondents, whose rights are not so blended with his that justice could not be done the appealing party without a retrial as to them also: Code, sec. 3159; 11 Heis., 299; 3 Lea, 352.

In this view of the case it is unnecessary to enquire as to whether the bill was multifarious or was properly dismissed as to respondent Richardson, as that decree has been acquiesced in by all parties, both complainants and respondents interested in it or affected by it, and is not before us for review, the only questions then, for investigation, as the case stands in this court, are those assigned as error in the decree as to R. C. Blackman, administrator of H. O. Blackman, deceased, to-wit, as to his prior liability before said sureties upon the executor's bond and as to the statute of limitations.

As to the first of these questions, the bond was joint, and the assets which came to the hands of the ·executors or to Lillard the co-executor of H. O. Blackman, were legal assets, and although it is conceded that none of them ever came actually into the hands of Blackman, and that he died some two or three ·months after his qualification as executor, yet it is

not shown when they actually came into the hands of Lillard, the active executor.     But the presumption is they did come to the hands of Lillard before Blackman's death.     The Referees have so reported and this part of the report is unexcepted to.     But it does not matter how this was.     Having given a joint bond they were mutally liable for each other's acts as executors: *Fulton* v. *Davidson*, 3 Heis., 629.     And joint executors executing a joint bond with sureties, are each responsible to creditors and distributees for the defalcation of the other, before the sureties: 5 Hum., 453.

The ruling of the chancellor upon this question was therefore correct.     But as to the plea of the statute of limitations of two years and six months, which is sufficiently pleaded and relied upon, although not very formally, as we have seen, H. O. Blackman died in September, 1872, and respondent, R. C. Blackman, qualified as his administrator the first of October, 1872. Lillard, the surviving administrator, made his settlement as such with the county court on the — day of December, 1874, by which he was charged with over $10,500, and another in 1876, in which the whole amount of his indebtedness as executor was ascertained to be $14,109.53.     The bill in this case was filed on the 2d of February, 1878.     The statute had therefore, in that case, formed a complete bar to any recovery against said R. C. Blackman, as administrator of H. O. Blackman, before the bill was filed in this cause. But as all the parties are properly before the court, and as if a decree were rendered simply against the sureties, in the first instance they would immediately

be entitled to judgment over against said administrator of H. O. Blackman by motion, and the result would be the same. The court to avoid circuity, would render a decree against him in the first instance as principal, together with said sureties as such. This was the effect of the chancellor's decree.

The exceptions to the report of the Referees will therefore be disallowed, and the decree affirmed with costs.