*Edwards & Angell and William R. Tillinghast,* for appellants.

*John C. Pegram,* for appellees.

---

MUNICIPAL COURT *vs.* ALBERT A. WHALEY *et al.*

PROVIDENCE—JUNE 27, 1903.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1)   *Executors.   Joint and Several Bonds.   Right of Executor, as Legatee, to Sue Sureties for Breach by Co-executor.*

Pub. Stat. cap. 184, § 10, provides, "Every executor shall give bond." A. and B., joint executors of the estate of C., gave a joint and several bond, with sureties.   A. was also a legatee:—

*Held,* that under such a bond it was the privilege of a creditor to sue all jointly, or one separately, for the full amount; and that, as several bonds, the sureties were sureties severally of each executor.  Hence, either executor might sue the other in a distinct right, as a legatee, for his separate and personal claim.

DEBT ON BOND. Heard on demurrer to declaration, and demurrer overruled.

STINESS, C. J. The ground of the demurrer to the declaration is that Joseph W. Smith, for whose benefit the action is brought, was a coprincipal with Henry W. Smith on the bond in suit, and a co-executor with said Henry W. Smith on the estate of Sheffield Smith; that said action is, therefore, by one of the principals on a bond, against the sureties thereon, to recover from said sureties for the default of his coprincipal, and is not maintainable.

The bond is joint and several.

Pub. Stat. cap. 184, § 10, in force at the time this bond was given, provided: "Every executor . . . shall give bond," etc.

Under such a provision we understand that it has been customary, when so desired, as it would be allowable, for several executors to give separate bonds. In most cases, however, the custom has been, as in this case, for joint executors to give joint and several bonds.

(1)     "On a joint bond all the obligors must be sued; but on a joint and several bond a creditor may sue all jointly or one separately, for the whole amount. It is the same as though all had given a joint bond and each a separate bond, and the creditor could elect on which bond he would sue."

Bouv. Law Dict. tit. Joint and Several; 2 Woerner's Am. Law of Adm. 2nd ed. § 258; 3 Williams on Exrs.; Am. ed. R. and T. 243; 3 Redf. on Wills, 2nd ed. p. 282.

The defendant claims that Joseph W. Smith, being a principal, cannot sue the representatives of a coprincipal or a surety; because he himself is liable, and he would thus be suing for his own default.

As stated by Woerner, *supra*, an executor was not required by common law to give bond, and was not liable for the malfeasance of a co-executor unless he had concurred in it, or there had been a joint possession of the estate from which it could be inferred that one had yielded to the control of another who had squandered the property. Except as it may

be modified by statute, the rule in this country is the same—
that one executor is not liable, *as such*, for waste committed
by his co-executor, nor for assets which the latter received
and misapplied without the knowledge and consent of the
former. By force of modern statutes, however, this rule now
applies, practically, to liabilities of co-executors as between
themselves or on accounting, since the requirement of a bond
protects legatees and creditors. There can be no question
that on a joint bond all executors would be jointly liable, for
that is the condition of the bond. The question, therefore,
comes upon the distinction between a joint and a joint and
several bond.

Having said that upon a joint bond there would be an ob-
vious joint liability, it follows that if there is only the same
liability on a joint and several bond there is no difference be-
tween the two. Yet there is a well-recognized distinction
between them, such as we have already pointed out. If,
then, by reason of the several obligation one may be used
alone, it follows that either party may sue the other in a dis-
tinct right. As several bonds, the sureties are sureties sev-
erally of each executor, as they might be on separate bonds.
Only in this way can effect be given to the provision of sev-
eralty in the bonds.

Most of the cases relied on by the defendant are distin-
guishable from the case at bar. *Jeffries* v. *Lawson*, 39 Miss.
791; *Jamison* v. *Lillard*, 80 Tenn. 698; *Brazer* v. *Clark*, 5
Pick. 96; *Boyd* v. *Boyd*, 1 Watts 365; *Clarke* v. *State*, 6 G.
& J. 288; *Ames* v. *Armstrong*, 106 Mass. 15; and *Spar-
hawk* v. *Buell*, 9 Vt. 41, are frequently cited to show the
joint liability of co-executors, but they are all suits of lega-
tees or creditors, who without question can hold them jointly
on a joint and several bond.

The real plaintiff in the case at bar is a legatee, but the
question is not whether he could sue if he were that and
nothing more, but whether, though he is a legatee, he can
sue, being also a co-executor.

Aside from the cases of creditors and legatees cited by
the defendants, in which courts have spoken of the joint lia-

bility of co-executors under joint and several bonds, and others which are distinguishable on other grounds, we find but two which seem to support the contention that in no event can one executor sue his co-executor.

In *Stephens* v. *Taylor*, 62 Ala. 269, the court held that two or more executors entering into a joint and several bond for the faithful performance of their duties are liable for the acts and defaults of each other, unless the bond shows that they did not intend to become bond for each other's defaults; that the sureties to such a bond become responsible to claimants for the faithful administration of the estate by their principals, the executors, and each of them; and the principals, and each of them, come under obligation to hold the sureties harmless against any default on the part of the principals; that there are the duties towards one another that spring out of the relation created by the bond.

This states very plainly the position taken by the defendants in this case.

The same rule is held in *Hoell* v. *Blanchard*, 4 Des. (S. C.) 21, with the addition that a co-administrator cannot hold a surety for default by another administrator, though claiming in a different right; exactly the case before us. The reasoning of the court is that the relation between a principal and surety is very different from the relation between a surety and creditors; that a principal is bound to stand between his surety and the surety's responsibility in that character.

It is to be noted, however, that the bond appears to have been a joint, and not joint and several, as in *Stephens* v. *Taylor*. As a joint bond we think there can be no doubt as to the doctrine of *Hoell* v. *Blanchard*, but it does not reach the point of this case.

*Towne* v. *Ammidown*, 20 Pick. 535, was a bill by a surety on a joint and several bond, for indemnity from the heirs of a deceased co-executor who had been guilty of no default. Obviously, it was held that the heirs were not liable.

In *Nanz* v. *Oakley*, 120 N. Y. 84, a suit was brought on a joint and several bond in which an administratrix had

joined with a co-administrator. The latter had the entire management of the estate, and had converted to his own use about $4,000 belonging to the estate. The administratrix was also the sole heir and next of kin of the intestate. Upon her death her co-administrator was charged by the surrogate with the amount, and ordered to pay it over to her adminis-'trator. Suit was brought against the co-administrator and execution returned unsatisfied, whereupon the action was brought against the surety on the original bond by the administrator of the co-administratrix and heir. The court held that he was entitled to recover. Numerous authorities are reviewed by the court, and the underlying reasons upon which the decision is based are that the purpose of a bond is to insure the discharge of the duty resposed in the persons appointed; that it was not intended to change the liability or relation of the persons appointed from that which existed independently of the bond; and that joint administrators are liable for joint acts and severally liable for their own acts.

The same rule has been applied to joint and several notes. In *Beecham* v. *Smith*, E. B. & E. 442, it was held that a maker of a joint and several note who was one of the payees could sue a comaker on his several promise. Lord Campbell, C. J., said: "The contract sued upon is the several contract of the defendant; and the fact that there is also upon the same instrument a joint contract by the three makers is no defence."

Coleridge, J., said: "Practically there are three promissory notes signed by three different parties; and the note declared on is not that signed by the plaintiff, but that signed by the defendant." To the same effect is *Faulkner* v. *Faulkner*, 73 Mo. 327.

In *State* v. *Wyant*, 67 Ind. 25, where the statute required separate bonds, but the administrators executed a joint and several bond, the court construed it as separate bonds and sustained a suit by one against the other administrator and sureties. While the case is largely controlled by statute, it is nevertheless in point upon the question whether an administrator can sue his co-administrator on his several obligation.

In *Pringle* v. *Pringle*, 130 Pa. St. 565, an executor was allowed to sue, as an individual, his co-executor, who had received all the assets, for a debt due from the testator to him. It was not a suit on a bond, but it is in point to show that an executor is not, by virtue of his office, debarred of a personal right.

It is the general rule that one executor, on accounting, is not held by the acts of another, in which he has not participated or as to which he has not been negligent. *McKim* v. *Aulbach*, 130 Mass. 481; *Wilson's Ap.* 115 Pa. St. 95; *Paulding* v. *Sharkey*, 88 N. Y. 432; *In re Adams*, 51 App. Div. N. Y. Sup. Ct. 619; *Hall* v. *Carter*, 8 Ga. 388; *Ormiston* v. *Olcott*, 84 N. Y. 339; *Sparhawk* v. *Buell*, 9 Vt. 41 (by Redfield); *Gaultney* v. *Nolan*, 33 Miss. 569.

If the joint executors are not liable for the *devastavit* of each other, we see no satisfactory reason why one should not be entitled to sue for his separate and personal claim.

The defendants urge as a reason that the plaintiff is thereby suing his own sureties, whom the law regards with peculiar tenderness. It is true that sureties are, and should be, protected as far as possible, and that a principal cannot sue his sureties for his own default. But if a several bond is equivalent to a separate bond, it follows that in a separate suit the sureties are those of the co-executor *pro hac vice*, and that they are not sued by the plaintiff as his sureties or for his default. If, also, bonds are to secure the beneficiaries of an estate, there is no just reason why the interest of a beneficiary, who happens to be an executor, should not be protected, as well as others, from acts for which he is not chargeable. It is said that he should not be able to sue, because, being a co-executor, he has the duty and opportunity to know what is done, which a mere creditor or other beneficiary does not have. There is force in this argument, and a court should hold an executor to clear proof of diligence and good faith on his part. Still, two executors cannot always have possession of money at the same time, Sickness, absence, or other causes may prevent one from having constant oversight; and in such a case it would be hard law, as

between the two, to deny a remedy to the innocent against the guilty. We fail to see why the beneficiary may not sue the executor in default, although, by virtue of the bond, both might be sued by a creditor or legatee. Thus, the relation of executors is preserved between themselves and as to creditors; due effect is given to the form and obligation of the bond; only the one in default is held to answer, and the rights of all beneficiaries are protected.

We think that this result is best sustained in reason and authority.

The demurrer to the declaration is overruled.

*Irving Champlin*, for plaintiff.

*Edwards & Angell*, for defendants.