## ADAMS v. McNUTT.

[No. 12,198.    Filed December 9, 1925.]

1. BONDS.—*Obligee may sue one or all of the makers on a joint and several bond.*—The obligee in a joint and several bond has his election to bring his action against all the makers or to treat the obligation as several and bring his action against any one of them; the obligation being construed as though *all* had given a joint bond and *each* had given his separate bond. p. 696.

2. BONDS.—*Action on contractor's joint and several bond may be against surety alone.*—Where a contractor's bond was joint and several, one who furnished material which was used in the construction of the work may sue the surety without making the contractor a party. p. 696.

3. BONDS.—*Complaint against surety on contractor's bond sufficient without alleging settlement between plaintiff and contractor determining amount due plaintiff.*—In an action against a surety on a contractor's bond, a complaint is sufficient without alleging that the plaintiff had had a settlement with the contractor in which the amount due him had been determined where the bond contained no provision requiring such settlement as a condition precedent to suing on such bond. p. 696.

4. BONDS.—*Complaint against surety on bond sufficient if good against principal.*—In an action against a surety on a contractor's bond, the makers being all principals, averments sufficient to state a cause of action against the contractor would be good against the surety. p. 696.

From Elkhart Circuit Court; *James Story Drake,* Judge.

Action by Lewis McNutt against G. Herbert Adams. From a judgment for plaintiff, the defendant appeals. *Affirmed.* By the court in banc.

*Guy W. Dausman,* for appellant.

*Deahl & Deahl,* for appellee.

ENLOE, P. J.—In 1920 the Summit Construction Company entered into a contract with the city of Goshen, for the construction of a sewer in said city; it duly executed its bond with the appellant herein as surety thereon, conditioned that said construction company

should faithfully comply with its said contract, said bond, by its express terms, being a joint and several bond. One of the stipulations contained in said contract was, that the said contractor should furnish all labor and materials necessary to the faithful completion of said work according to the plans and specifications therefor. Another stipulation was: "The party of the second part agrees to pay all moneys due to any person furnishing materials, *. * *, in the construction of such improvement." The appellee furnished materials for use in the construction of said work, and which were used in said construction, for which he was not paid.

The complaint was in one paragraph, naming the appellant as sole defendant, and alleging that the materials therein specified were sold and delivered to said contractor for use in the construction of said sewer and that they were so used in said construction, and that they had not been paid for; their value was also alleged.

To this complaint, the appellant demurred on the grounds:  (a) Of a defect in parties, in that the Summit Construction Company, the contractor, was a necessary party defendant; and (b) that the complaint did not state facts sufficient to constitute a cause of action. The appellant, by his memorandum, claimed that the complaint was insufficient because there was no averment that a settlement or an accounting had been had by and between appellee and said construction company and the balance due for said materials so determined.

Appellant's demurrer being overruled, he elected to abide such ruling and, from a judgment rendered against him for the amount of the materials so furnished, he prosecutes this appeal, assigning said ruling as error.

As to the appellant's first contention, the cases hold, without conflict so far as we have been able to discover,

that upon a "joint and several" bond, the obligee has his election; that he may bring his action against all of the makers, or, he may treat the obligation as several and bring his action against any one of such makers; that, as to him, each maker is a principal and may be sued as such; that as to the obligee, the makers stand as though *all* had given a joint bond, and *each* his separate bond. *Williams* v. *State, ex rel.* (1882), 87 Ind. 527; *Braxton, Admr.,* v. *State, ex rel.* (1865), 25 Ind. 82; *Municipal Court* v. *Whaley* (1903), 25 R. I. 289, 55 Atl. 750, 63 L. R. A. 235, 105 Am. St. 890; 4 R. C. L. 58. Appellant has cited a number of cases, upon which he relies for a reversal, in each of which it was held that a third person was a necessary party to the proceedings, but in none of the cases so relied upon was the action founded, as in this, upon a joint and several written obligation; here the appellant expressly consented and agreed that he might be made sole defendant in any suit brought thereon, but in none of the cases cited by appellant had the party so expressly agreed. We therefore conclude that the contention of appellant in this behalf is not well taken.

Appellant next urges that said complaint was insufficient for want of facts, as stated in his said memorandum. We cannot concur in this contention. The appellant was, under the terms of his said bond, as to the appellee herein, a principal debtor; he had agreed that he would pay for all material used in the construction of said sewer. Also, there was no condition in the said bond requiring the appellee to have, or to obtain, a settlement with the said construction company prior to and as a condition precedent to bringing suit on said bond, and we cannot engraft such a condition thereon. As the suit was upon a bond, and as all the makers thereof were, as to the appellee, principals, it logically follows that averments sufficient to

make the complaint good as against one of said principals would also make it good as against another principal; that, in this case, averments sufficient to state a cause of action against the Summit Construction Company would also be sufficient to state a cause of action against the appellant. But there is another reason why this contention cannot be sustained. The *appellant* had not, in said bond, agreed that he would be bound by any settlement had by appellee and said construction company, and if appellee had alleged and proved such a settlement, appellant would not be bound thereby. We find no error.

Affirmed.

Dausman, J., not participating.