E. NYE HUTCHINSON, Ex'r of T. J. HOLTON, *v.* SAM'L P. SMITH and WM. GRAY.

Under our new system of pleading and practice, Courts are required to recognize both the legal and equitable rights of the parties, and to frame their judgments so as to determine all the rights of the parties as well equitable as legal.

(*Lea* v. *Pearce,* ante, cited and approved.)

This is the same action as that immediately preceding, brought to this Court upon the appeal of defendants. The facts are therein stated.

On the trial the plaintiff excepted to the admission of the plot and deed made to another party, who was also a purchaser of a part of the land sold. This was admitted by the Court, and the plaintiff excepted. For this alleged error in the admission of evidence the plaintiff appealed.

*Wilson* and *R. Barringer,* for appellant.
*Dowd,* contra.

PEARSON, C. J. The same case is brought up by appeal on the part of the defendant.

The jury having found that the land sold was bounded by front on Trade street, from the railroad to the dower line, the defendant moved that judgment be entered for plaintiff for balance of note, on the condition that plaintiff execute a

deed for the lots Nos. 1 and 3, extending in front on Trade street from the railroad line to the dower line ; which motion being refused, the defendant appealed.

There is error. A mind accustomed to the orderly proceedings and formal judgments in Courts of Law, and to the decrees in Courts of Equity, has no little difficulty in realizing the fact that under the new system the Court is required to recognize both the legal and equitable rights of the parties, and to frame *the judgment* so as to determine all of the rights of the parties, as well equitable as legal. See *Lea* v. *Pearce*, at this term. "A judgment is the final determination of the rights of the parties to an action." C. C. P. 216. "A judgment may grant to the defendant any affirmative relief to which he may be entitled." C. C. P., sec. 248. So the defendant was entitled to have the affirmative relief which he asked for, fixed by the judgment; in other words, the judgment under the new system should combine a judgment for the recovery of the plaintiff's demand, and also a decree in favor of the defendant upon his equity for a specific performance of the contract, so as to make "*the judgment*" a final determination of the rights of the parties.

This will be certified, to the end that judgment may be entered in conformity thereto.

PER CURIAM.                    Judgment accordingly.