JAMES LEE and wife, SUSAN, and others *v.* R. P. HOWELL and others.

A guardian had a right to purchase the land of his wards at a sale by a clerk and master of our former Courts of Equity, made by order of such Court.

And our present Courts have the power to order their clerks to make title directly to subsequent *bona fide* purchaser, when it appears that no title was made by the clerk and master to the first purchaser, or if made was lost.

(*Simmons* v. *Hassell*, 68 N. C. Rep. 213; *Hutchison* v. *Smith*, Ibid. 354, cited and approved.

CIVIL ACTION, tried before *Tourgee, J.*, at the January Term, 1873, of WAYNE Superior Court.

The plainttffs, as heirs at law of one Gaston H. Alford claim a certain tract of land in the possession of the defendants, and bring this suit for a recovery of the same, and for $10,000 damages.

The defendants admit that the land belonged to the said Gaston H. Alford at the time of his death, and say that at Fall Term, 1853, the plaintiffs, who were minors, together with a sister, by their guardian, one Wm. K. Lane, filed a petition in the Court of Equity of Wayne county, praying a sale of the land described in the complaint of the plaintiffs, and which had descended to them from their father, the said G. H. Alford; that a decree for the sale was duly obtained, and that under the order of said Court of Equity, a sale thereof was made by the clerk and master; that the said Lane, the guardian of the petitioners and plaintiffs in this action, purchased the land for the sum of $3,025, for which he executed a bond with sureties, and that the master reported the sale to the next term of the Court, when it was in all respects confirmed, and the master was ordered by the Court to pass the said bond, given for the purchase money, to the guardian as cash, or to collect the same, and after retaining costs and allowances, to pay over the balance to the said guardian and make title; that a settlement was had between the master and guardian and the money was paid, but the master failed to execute a deed for the land by him so sold to the said guardian, or if he made one it was lost before registration.

These allegations in the defendants' answer, were submitted as issues to the jury on the trial, and found by them true.

The guardian, Lane, subsequently sold the land to various parties, and it was re-sold until it came by purchases into the hands of the defendants, who had no notice of the claims of the plaintiffs.

The defendants further alleged, which was likewise found true by the jury, that the said Lane had paid to Lee and wife, one of the plaintiffs in this suit, their share of the purchase money, and had received from them a receipt or release in full for the same, the *feme* plaintiff being pri-

vately examined, and had also settled in full for the several shares of the other plaintiffs.

The defendants demanded that the plaintiffs execute a conveyance to them, releasing all title to said land, or that title be made to them in lieu of to Lane, whose deed was never executed, or if made was lost, as before set out.

The jury having found all the issues submitted to them in favor of the defendants, his Honor gave judgment against the plaintiffs for costs, and further ordered that the clerk of the Superior Court make title in fee for said land to the defendants according to their respective shares and interest therein, as set forth in their answer.

From this judgment defendants appealed.

*Isler*, for appellants, relied on the following authorities:

1. As to the jurisdiction of the Court: Const. Art. 4, sec. 25; *Green* v. *Moore*, 66 N. C. Rep. 424; *Walton* v. *McKesson*, 64 N. C. Rep. 454; *Simmons* v. *Hassell*, 68 N. C. Rep. 213.

2. Stat. Lim: *Whitford* v. *Hill*, 5 Jones Eq. 321; *Robinson* v. *Lewis*, Busb. Eq. 58; Rev. Code, chap. 65, sec. 19.

3. Question of payment in this case is a question for the Court: *Fesperman* v. *Parker*, 10 Ired. 474.

4. As to notice: *Thompson* v. *Blain*, 3 Mur. 583; *Davis* v. *Colton*, 2 Jones Eq. 430; *West* v. *Sloan*, 3 Jones' Eq. 102.

5. Whether the claim set up by defendants is a mere right or a trust: See Bouvier's L. Dic. Trust; and if a mere right it is barred by Stat. Lim. *Davis* v. *Colton*, 2 Jones' Eq. 430; *West* v. *Sloan*, 3 Jones Eq. 102.

6. Power of the Court to review the facts as found below: *Graham* v. *Kiner*, 4 Jones Eq. 94; 68 N. C. Rep. 53.

*Faircloth & Granger*, with whom was *Green*, contra.

A judgment cannot be impleaded collaterally: *Jordan* v.

*James,* 3 Hawks 110 ; *White* v. *Albertson.* 3 Dev, 241 ; nor a decree : *Watson* v. *Williams,* 6 Ired. Eq. 232 ; *Sinclair* v. *Williams,* Ib. 235 ; *Savage* v. *Hussey,* 3 Jones 149.

Every decision of a Court of competent jurisdiction is to be deemed according to the law and facts, until the contrary appear. *Wade* v. *Dick,* 1 Ired. Eq. 313.

A sale thus ratified, money received, cannot be re-opened, and title be decreed. *Sinclair* v. *Williams,* supra.

A stranger gets title even if judgment is set aside. *Skinner* v. *Moore,* 2 Dev. & Bat. 138.

BOYDEN, J. In this case the land in controversy had been ordered to be sold upon the petition of the plaintiff. A sale had been regularly made by the clerk and master, a report thereof to the Court, this report had been regularly confirmed, the purchase money all paid to the petitioners, the two owners of the land, and most of the proceeds of the sale by a regular proceeding in our Court, had been by order of Court, transferred to the State of Alabama, and passed over to the then guardian of the petitioners; and now the plaintiffs seek to recover this land on the ground that the first guardian, Lane, while guardian had purchased this land of the minor children the then owners on the ground that a guardian cannot purchase his wards' land at a sale made by the clerk and master. It is well settled that a guardian cannot purchase at his own sale, and that all such purchases may be treated as invalid, at the option of the wards, even when no unfairness in the sale and purchase has been shown. But this principle does not apply to a sale made by the master. *Simmons* v. *Hassell,* 68 N. C. Rep. 213.

Why may not the guardian purchase at such a sale? Must he stand by and see the property sold at an under value, *cui bono ?* The sale is not of any validity until it has been reported to Court, nor then until the Court is satisfied that the land brought a fair price. Why then may

not the guardian become a purchaser? What reason is there to deny him the right to purchase? Is it possible that after a sale as in this case, and after by proceeding in Court the owners have received the proceeds of the sale and appropriated the same to their own use, that they can turn round and claim title to the land? Surely there is no principle of law, justice or common sense that would authorize such a proceeding.

The case of *Hutchison* v. *Smith*, 68 N. C. Rep. 354, is authority for the order of his Honor directing a title to the land to be made to the defendants.

There is no error. This will be certified.

PER CURIAM.                    Judgment affirmed.