### John S. Abbott *vs.* Alfred G. Fisher & another.

Suffolk.   March 29. — May 3, 1878.   Ames & Morton, JJ., absent.

It is a good consideration for a promissory note given by the promisor, who was an assignee of a bankrupt, towards the payment of moneys received and misused by him, that the promisee, who was his co-assignee, refrained from pressing proceedings against him instituted to protect the interests of the creditors.

Contract against Alfred G. Fisher and Sarah L. Allwright, on a promissory note for $300, dated August 14, 1876, signed by the defendant Fisher, payable to his own order and indorsed by him and the other defendant. Answer, want of consideration. Trial in the Superior Court, before *Rockwell*, J., who ordered a verdict for the defendants, and reported the case, for the consideration of this court, in substance as follows:

On May 12, 1875, the plaintiff and Fisher were duly chosen assignees of the estate of Horace L. Duncklee, who had previously been adjudged a bankrupt by the District Court of the United States for the District of Massachusetts; on the same day the choice was approved and confirmed, and they accepted that trust. The plaintiff offered to prove the following facts:

Prior to July, 1876, about $3000 had been received by Fisher from the assets of said estate, but, though he had frequently assured the plaintiff that the money should be deposited in their joint names, as assignees, no part of it had been deposited; and on July 7, 1876, the plaintiff presented to the judge of the District Court the following petition, signed by him: " I, John S. Abbott, respectfully represent that I am one of the assignees of said bankrupt's estate, and that A. G. Fisher, Esq., whose

office is at 82 Devonshire Street, Boston, is the other assignee. All of the money obtained from said estate, amounting to $3000, or thereabouts, has been received by said Fisher, who promised many months since that it should be deposited, in our joint names, in one of the banks designated by the court. I have recently been informed that the money has not been so deposited, and said Fisher declines to state what disposition has been made of it. In the interest of the creditors of said estate I respectfully request that said Fisher be required to give bond with sureties for the performance of his duties as assignee."

This petition was referred to a register in bankruptcy acting in the cause, to hear the parties and make such order as he deemed proper, and to see that such order was carried out.

On July 11, 1876, the register appointed July 13, 1876, at noon, as the time for hearing on the petition, and issued an order of notice to Fisher, which was duly served. At the request of Fisher, postponements were had, and, after sundry interviews by the plaintiff with the defendant Allwright's attorney, on September 1, 1876, the plaintiff received from such attorney seven promissory notes amounting in all to $2400, and delivered to him for Allwright a paper writing, signed by the plaintiff, which, after acknowledging the receipt of the notes, proceeded as follows:

" These notes were received by me under the following circumstances and conditions: Said Fisher is one of the assignees in bankruptcy of Horace L. Duncklee, and has not given bonds as assignee. I am also one of the assignees, and, in accordance with my application, said Fisher has been ordered by Register Thorndike to furnish a bond; but he has not found it convenient to furnish the required bond, but has made said notes for the balance of his account as rendered to me, and Miss Allwright has indorsed same. Now in consideration of the indorsement and delivery to me by Miss Allwright of said notes, I agree as follows: 1. To allow, so far as I am concerned, acting in behalf of the creditors of said Duncklee, said Fisher four months' time from this date, within which to furnish the required bond; and whenever such bond shall have been furnished, to surrender to Miss Allwright, on request by her, or by any one presenting a written request from her, such of said notes as shall not have been previously paid; but if any of them shall then be in suit,

I am to be first paid or indemnified and protected against all costs and expenses which shall have accrued and which may thereafterwards accrue in such suits. 2. If any movement shall be made without the collusion of said Fisher or Miss Allwright, resulting in the arrest of said Fisher, on account of any alleged misdoings or neglect of said Fisher as such assignee, all of the notes aforesaid, then unpaid, are to be surrendered, as stated in paragraph 1, subject to the conditions as to costs and expenses therein contained. But if there shall be reasonable cause for believing that said Fisher, at the time of such movement or arrest, was arranging or about to remove from this Commonwealth, in such case the unpaid notes are not to be surrendered. 3. The foregoing provisions touching the surrender of any of said notes, and touching the allowance of further time for furnishing the required bond, are not to be binding or of any effect unless the notes which shall have matured shall have been paid at or before maturity. 4. The provisions and conditions in this agreement are accepted by Miss Allwright as sufficient consideration for her assuming the liability of indorser on said notes. 5. The money which I may receive or collect from or on account of said notes, or any of them, after deducting what may be proper for my services and expenses, is to be appropriated to the payment of costs in bankruptcy proceedings in said case, and on dividends which may be declared; and I am also to have the right to advance to any of the creditors, out of moneys so received by me, as may seem to me judicious; but in no case exceeding the amount of the dividends to which such creditors shall be ultimately entitled."

The first note was paid, and $200 was paid on the second. The fourth note above described is the one in suit. Before its maturity it was left by the plaintiff for collection at a bank in Boston, which was not one of the banks designated by the judge of the District Court for the deposit of moneys by assignees, and payment was duly demanded on the last day of grace, and refused for want of funds; and the defendant Allwright was thereupon duly and seasonably notified of such demand and refusal. and that the plaintiff would require payment by her. The ar rest referred to in the foregoing agreement did not relate to arrest in any criminal proceedings, but on civil process. The

plaintiff had never seen or corresponded with Allwright until long after he received the notes from her attorney. Fisher had not given bond, and the plaintiff, in accordance with the requests of the defendant Allwright, had refrained from pressing the matter. The foregoing proceedings by the plaintiff were with the knowledge and at the request of some of the creditors of the estate of Duncklee; some of the creditors subsequently approved of them; and none have objected, so far as the plaintiff knew. The defendant Allwright, since the giving of the notes, had many times promised the plaintiff that she would have them paid, and in a letter to him, dated September 17, 1877, stated she was making arrangements to settle them before the 1st of October ensuing, the amount due at that time being about $1881, besides costs. Fisher was insolvent at the maturity of the note.

Upon these facts, and offers of proof, the judge ruled that the action could not be maintained; directed a verdict for the defendants; and reported the case for the determination of this court. If the ruling was correct, judgment was to be entered on the verdict; otherwise, the verdict was to be set aside and a new trial had.

*J. S. Abbott, pro se.*

*A. B. Wentworth,* for the defendants.

SOULE, J. At common law, one of two or more co-trustees is not liable for the acts of his co-trustee in misusing or failing to account for moneys received under the trust. It is only when moneys have come to his own possession, or he has aided in or connived at the misuse of them by his associate, that he is held responsible. *Ames* v. *Armstrong,* 106 Mass. 15. In the absence of express provision to the contrary, this principle applies to the case of co-assignees of bankrupts, under the bankrupt law of the United States. It follows that the plaintiff was under no personal liability by reason of the failure of the defendant Fisher to perform his duty, so long as there was no participation in, nor assent to, the neglect on his part. But he had the power, and it was his duty, in behalf of the creditors of the bankrupt, to institute proceedings which should look toward protecting their interests against the misconduct of Fisher, and might result in his removal from office; and if, after initiating proceedings for

this purpose, he refrained from pressing them to a result, in consideration of certain notes signed by Fisher and indorsed by the other defendant, a jury would be warranted in finding that he thereby so far assented to the acts of Fisher as assignee, and participated in his neglect of duty, as to make himself personally responsible for the moneys collected and received by him and not properly disposed of. This would be a sufficient consideration for the notes sued on.

It does not distinctly appear how far the proceedings had gone, on the plaintiff's petition against the defendant Fisher for requiring him to furnish sureties, so that we cannot assume that the decision of the court below was based on a finding that there was any false representation to the defendant Allwright. As the ruling was in favor of both defendants, and no distinction between their cases was pointed out, it would seem that the ruling went upon the ground of want of consideration only. For the reasons above indicated, we are of opinion that the plaintiff should have been permitted to go to the jury on the question of consideration, and that the learned judge who presided at the trial erred in ruling, as matter of law, that the action could not be maintained.                    *New trial ordered.*