JOSEPH K. HAYES, JR., trustee, *vs.* GEORGE S. HALL & others.

Suffolk. March 29, 1905. — June 23, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & BRALEY, JJ.

*Superior Court. Equity Jurisdiction. Trust,* Duties and liabilities of trustee.

The Superior Court under its general equity jurisdiction has authority to receive and pass upon the accounts of trustees and to make all proper orders and decrees concerning them.

If a trust fund includes a second mortgage on land of one of the trustees, and this trustee at a foreclosure of the underlying first mortgage procures a person to attend the sale and purchase the land for the wife of this trustee for $150,000 when it is worth at least $200,000 and a co-trustee brings a suit in equity electing to affirm the foreclosure and seeking to charge the trustee first mentioned with the difference between the purchase price and the value of the mortgaged property, it is a question of fact which properly may be determined by a master, whether the defendant trustee was acting solely at the request of his wife and merely as her messenger, she paying for the land out of her separate estate, or whether he was acting as his wife's agent for his own or her benefit to the detriment of the trust estate. In the last case he would be chargeable with the amount of the loss to the trust.

If one of several trustees of a trust created by deed does an act which makes him accountable to the beneficiaries for a loss suffered by the trust, and the act is done without the knowledge or consent of his co-trustees, his co-trustees are not chargeable with the loss if there was no fault or negligence on their part.

BILL IN EQUITY, filed in the Superior Court on February 19, 1902, by Joseph K. Hayes, Jr., one of three trustees under an indenture of trust between George S. Hall and the three trustees dated February 9, 1900, against his co-trustees and the beneficiaries of the trust, praying that the accounts of the several trustees should be passed upon, and that the plaintiff should be allowed to resign, amended by leave of court on November 10, 1902, by withdrawing the plaintiff's resignation as trustee and the prayer for its acceptance.

The case was referred to Edward F. McClennen, Esquire, as special master. On December 10, 1903, he filed a report to which the defendant George F. Hall filed two exceptions as follows: 1. The defendant objects to the ruling of law that George F. Hall, on the facts stated in the report, should be charged with $50,000 or any other sum. 2. That if George F. Hall should be charged for any sum, that such sum, based upon the find-

ings of facts and rulings of law, should be for a less sum than $50,000.

The case came on to be heard, upon the pleadings, the master's report and the exceptions thereto, before *Gaskill*, J., who reserved it for determination by this court, such orders and decrees to be made as equity might require.

*J. K. Hayes, Jr., pro se*, filed a brief.

*G. V. Phipps*, for the defendant George F. Hall.

*F. D. Allen*, for the defendants Henry A. and Marian E. Hall.

BRALEY, J.   The rule that a trustee in the management of property held by him in trust shall not be permitted directly or indirectly to derive any personal advantage from its use or sale, but must act solely for the interests of those beneficially interested, has often been referred to, and approved by this court. *Jennison* v. *Hapgood*, 7 Pick. 1.   *Ball* v. *Carew*, 13 Pick. 28. *Hayward* v. *Ellis*, 13 Pick. 272.   *Litchfield* v. *Cudworth*, 15 Pick. 23, 31.   *Shelton* v. *Homer*, 5 Met. 462, 467.   *Parker* v. *Nickerson*, 112 Mass. 195.   *Dyer* v. *Shurtleff*, 112 Mass. 165, 168. *Brown* v. *Cowell*, 116 Mass. 461, 465.   *Bowen* v. *Richardson*, 133 Mass. 293, 296.   *Morse* v. *Hill*, 136 Mass. 60.   *Parker* v. *Nickerson*, 137 Mass. 487.   See also *Davoue* v. *Fanning*, 2 Johns. Ch. 252, 256, 257 ; *Fox* v. *Mackreth*, 2 Bro. Ch. 400 ; White & Tudor's Lead. Cas. in Eq. (4th Am. ed.) 115, note 148 ; *Michoud* v. *Girod*, 4 How. 503.

The foundation of this rule has been said to be the presumption that the trustee in dealing with the trust estate, where by its purchase his pecuniary interest is concerned, will not be disinterested.   If permitted to expose himself to this temptation ordinarily he would consider his own advantage, and not that of those who are dependent upon his integrity and sound judgment for the wise and proper administration of the trust property. *Aberdeen Railway* v. *Blakie*, 1 Macq. 461, 478, 479.

But where trust property is sold under a decree, the court determines and directs the manner of its sale, and permission to bid is sometimes given to the trustee, but only after notice, upon hearing all parties interested, and when it appears that such a course will be advantageous to the trust.   *Colgate* v. *Colgate*, 8 C. E. Green, 372, 383.

With this exception sales either to himself, or to others upon

a secret arrangement for his benefit, or by him after he thus gets title, to purchasers with notice, or to his wife or relations for a less price than he could have obtained from other buyers, are voidable at the election of the *cestuis que trust.* *Oberlin College* v. *Fowler*, 10 Allen, 545.

They may resort to a court of equity either to compel a reconveyance upon payment of the purchase price, or to require the property to be resold, or upon their affirmation of the sale if the trustee has sold it in excess of the price paid by him he must account for the proceeds, or if unsold they may charge him in his accounts with its actual value at the time of sale. *Morse* v. *Hill*, *ubi supra.* *Rotch* v. *Morgan*, 105 Mass. 426, 430.

In the present case George S. Hall by the declaration of trust is shown to have founded it for his own benefit as beneficiary for life, with remainder for life to his sons, their wives, and to his grandchildren, who also were to take the principal. The board of trustees consisted of himself, his son George F. Hall, and Joseph K. Hayes, Jr., who was the only person outside of the family connected with its administration. They had not given bonds, nor were they required to render any account of their trusteeship, neither was there any provision in the instrument for the filling of vacancies caused by death or resignation. Apparently the management of the estate had not been entirely satisfactory to Hayes, for upon filing his account, in which all the trustees must be deemed to have joined, he asked permission to resign, though subsequently this request was withdrawn. See *Dodd* v. *Winship*, 133 Mass. 359, 361.

The Superior Court, under its general equity jurisdiction, had authority to receive and pass upon their accounts as rendered, and to make all proper orders and decrees. R. L. c. 147, § 5. *Bowditch* v. *Banuelos*, 1 Gray, 220. *Bradstreet* v. *Butterfield*, 129 Mass. 339.

Thereupon that court directed that the accounts be referred to a master for examination, whose report and the exceptions of George F. Hall thereto raise the questions presented for our decision.

Among the assets of the trust which the settlor delivered to the trustees was a promissory note for $74,279.85, made by George F. Hall, and secured by a mortgage of his real estate on

which there was outstanding a first mortgage to the Massachusetts Loan and Trust Company for $158,279.85. A default having been made in the performance of the conditions of the first mortgage, the mortgagee foreclosed, and as the purchaser at the foreclosure sale failed to pay the purchase money, the property was again advertised for sale. The trustees are found to have believed that the estate was worth at this time a sum in excess of $200,000, which also was its value as determined by the master. But they did not consider it advisable to bid at the sale, or buy the property for the benefit of the trust, and their action has been approved by the master as judicious.

After this decision had been reached, George F. Hall, without the knowledge of Hayes, who appears to have been the only one of the remaining trustees competent at the time to act, procured one Vialle to attend the sale and purchase the property, to whom it was conveyed for the amount of his bid subject to accrued taxes, making the entire consideration $150,000.

In procuring the attendance of Vialle, who subsequently conveyed the property thus bought to Mary S. Hall, the wife of George F. Hall, the latter contends that he acted solely at her request, and that the purchase in reality was made for her with money she borrowed for this purpose. The performance of this service, and nothing more, simply made him a messenger, and might be found consistent with his duty. But if as her agent, and husband, his purpose was to procure the property either for her or his own benefit at the lowest possible price, then his conduct would be antagonistic to the performance of the duties of his trusteeship, which required him to realize the highest obtainable price.

It is urged that the intimate character of the marital relation is such as generally to exclude the conception that the husband would act disinterestedly, and without regard to the financial interests of his wife. But we now are not called upon to decide whether under all circumstances a purchase by and conveyance to her of property held in trust by her husband would be held voidable when paid for out of her separate estate, even where the trustee himself was not authorized to buy. See *Dundas's appeal,* 64 Penn. St. 325 ; *Tyler* v. *Sanborn,* 128 Ill. 136.

The trustee seriously contends that as the sale was made by a

stranger, and not by himself, it is not within the inhibition already discussed. But this position cannot be sustained.

In the practical application of this rule it makes no difference that the purchase was made under a foreclosure sale at public auction held by a first mortgagee, of property on which at the time there was a valid outstanding second mortgage held by the trustees, and forming a very considerable part of the assets of the trust estate. *Marshall* v. *Carson,* 11 Stew. 250, 255.

The wrong would be none the less grievous, or the loss less appreciable if through his co-operation a junior incumbrance which otherwise would be valuable is made worthless, when accomplished indirectly under a sale by a mortgagee, than where it is brought about directly by a sale on the part of the trustee himself. *Morse* v. *Hill, Dyer* v. *Shurtleff* and *Marshall* v. *Carson, ubi supra.*

Any assent that may have been given by the other beneficiaries to the course pursued was not binding upon Henry F. Hall, or his wife Marian E. Hall, who contend that by reason of his conduct George F. Hall must be held accountable as trustee for the difference between the purchase price and the value of the mortgaged property.

They apparently do not wish to redeem, or to demand a resale of the equity of redemption, but electing to affirm the foreclosure, claim that he should be charged in the settlement of the accounts with this difference. *Morse* v. *Hill, ubi supra.*

Under the master's finding that his associate trustees did not join with him, but were ignorant of the course pursued, if it was determined to be wrongful they would not be chargeable at common law with the loss incurred. *Ames* v. *Armstrong,* 106 Mass. 15. *Abbott* v. *Fisher,* 124 Mass. 414, 417. *Brice* v. *Stokes,* 11 Ves. 314.

We cannot, however, properly assume in favor of the contestants as the master leaves the case, that Hall should be deemed guilty of unfaithful administration, and therefore accountable for the depletion of the trust estate.

To correctly determine the true character of his participation in the transaction there should be a full inquiry as to all the circumstances attending the purchase of the property at the second foreclosure. When this has been done, and the facts have been

found and reported, but not before, it properly can be decided whether he was delinquent, and hence chargeable with any loss to the estate caused by his delinquency, or whether his conduct being compatible with his duty entitles him to complete exoneration.

By the terms of the reservation under which the case is before us the first exception to the master's report must be sustained.

*Decree accordingly.*