[L. A. No. 3604. Department Two.—January 26, 1916.]

GEORGE W. PLANT, a Minor, etc., Appellant, v. CHARLES PLANT et al., Respondents.

TRUST—PURCHASE OF TRUST PROPERTY BY TRUSTEE—JUDICIAL SALE BY COURT OFFICERS.—The inhibition upon a trustee from purchasing the trust property at his own sale is removed by the determination of a court of equity that he may be such purchaser; and when the sale is made under the direction of a court of equity, by officers appointed by the court, it is not a sale by the trustee, and there is no rule or principle preventing him from becoming a purchaser. This rule is not limited to cases where the trusteeship is coupled with a power of sale.

ID.—SALE UNDER PARTITION DECREE IN FOREIGN JURISDICTION—COLLATERAL ATTACK.—Where a court of another state has acquired jurisdiction of all the parties and of the subject matter in partition proceedings, its decree for the sale of the property, authorizing any of the parties to become purchasers, is *res judicata* and binding on all the parties to the action. Neither such decree nor the order confirming the sale by the master in chancery to certain of the parties is subject to collateral attack in a suit in this state on the ground that the purchasers were trustees of the property.

APPEAL from a judgment of the Superior Court of Los Angeles County. M. T. Dooling, Judge presiding.

The facts are stated in the opinion of the court.

Bernard Potter, for Appellant.

Anderson & Anderson, for Respondents.

D. K. Trask, and Trask, Norton & Brown, for Martha Plant, Executrix, etc., of Henry Plant, Deceased, Respondent.

MELVIN, J.—Plaintiff appeals from an adverse judgment.

The suit was brought on behalf of the minor, George·Washington Plant, by his guardian, for the purpose of having the court decide and declare that the defendants were trustees of certain funds received by them from the rentals and sale of certain property which they had purchased from the estate of their deceased father (plaintiff's grandfather), Roger Plant.

The court made findings to the effect that Roger Plant died testate in California on February 19, 1894; that his will was probated in the following month; that Charles Plant, one of the defendants, was duly made executor; that the estate was duly settled and the executor was discharged. Other findings were in substance as follows:

In March, 1895, the superior court made and entered its decree by which the real property of the estate was distributed to William Plant, Susan Plant Tweedy, Roger Plant, Henry Plant, Phoebe Plant, David Walter Plant, George Washington Plant, Richmond Plant, and Charles Plant, children of deceased, all over the age of twenty-one years. This distribution was "share and share alike," but, as the decree recited, "in trust nevertheless they to use the net rents and profits during their lives, or until such time after ten years from the date of the death of said Roger Plant as that all of his said children or in case any of them shall be dead, then all said children then surviving and the heirs of the body of said deceased children, shall mutually agree in writing to sell said real property and divide the proceeds, when the same shall be sold and the proceeds divided equally among said children." The findings recite proceedings in the probate court of Cook County, Illinois, where the will had also been admitted to probate and letters had been duly issued to Henry Plant in 1894. As a result of these proceedings an order was

there entered declaring the estate settled and discharging the executor. At the time of his death Roger Plant was seized in fee of certain valuable real property in Cook County, Illinois. By the decree of distribution this property was distributed to the trustees named in the will of Roger Plant. In September, 1905, the same persons named as defendants in this action (except the administratrix of David Walter Plant's estate, for he was then living) filed their bill in equity against the other heirs of Roger Plant, including the minor, George Washington Plant, whereby they petitioned the said court to make a decree distributing the property of the estate in Cook County, giving to each heir his or her allotted proper share in accordance with the will of their common ancestor. Two of the defendants in that action were sued as surviving trustees under the will of Roger Plant, deceased, but in the present suit the court found that they were not in fact trustees at the time of the sale of the property in Illinois. The superior court in this action also made the following finding:

"That no express or formal appearance in said partition suit was made by the plaintiff in person, and that plaintiff never directly authorized any person or persons to appear for or on behalf of plaintiff in said proceeding; but that plaintiff did duly and regularly appear in said proceeding by and through his duly appointed, qualified and acting guardian *ad litem,* and was represented therein and throughout said proceeding by counsel duly authorized by said guardian *ad litem* to appear and act for him; and that said circuit court of Cook County, Illinois, acquired jurisdiction of all parties to said proceeding, including plaintiff herein." There was never any agreement in writing among the children of Roger Plant to sell any of the property in Cook County and to divide the proceeds.

According to the findings the suit in equity resulted, in 1907, in a decree that the property could not be physically divided without prejudice to the persons interested, and it was adjudged that the premises be sold for cash to the highest bidder, provided the amount offered should equal at least two-thirds of the valuation of one hundred and thirty-five thousand dollars put upon the property by the commissioners. By said decree it was also provided that after due notice the master in chancery should sell the property, and that any of the parties to the proceeding might become purchaser or pur-

chasers. The sale was made in conformity with the decree. There was competitive bidding and Charles Plant acted for himself and his brothers Henry, Richmond, William, and David Walter Plant. He and they acted in good faith and for the best interest of all persons concerned. Their bid, ninety-nine thousand five hundred dollars, was the highest and best one that could have been obtained for the property at the sale, and after due confirmation of said sale by the circuit court the master in chancery made a deed of the property to Charles Plant, in accordance with the court's directions. It was further found that Charles Plant raised fifty thousand dollars by a loan secured by a trust deed to the property; that a large part of this money was divided among those entitled to share in the estate, other than purchasers at the sale, George Washington Plant (the plaintiff here) receiving approximately twelve thousand dollars. The purchasers receipted for their shares of the amount bid for the property but received no money. The property was sold in June, 1908, by the defendants in this action for one hundred and twenty-seven thousand seven hundred dollars, after they had received by way of rents a net sum not in excess of ten thousand dollars. There were further findings that the defendants were not at the time of the sale acting as trustees or in any fiduciary relation toward the plaintiff, and that they have not since, and do not now, hold the property or the proceeds in trust for the said plaintiff. There were elaborate findings negativing the allegations of the complaint whereby defendants were charged with conspiracy to conceal their joint interest in the purchase of the property, to keep down the price by deterring others from bidding at the probate sale and to do certain alleged dishonest acts. It was also found that while plaintiff had no direct notice of the date of the sale, he was nevertheless a party thereto, represented throughout the proceedings by his guardian *ad litem* and attorney, and although not until April, 1909, did he receive notice of the fact that Charles Plant had made such purchase, that fact and the circumstance of the subsequent sale were not concealed from him by the defendants. There is another finding that "it is true that the plaintiff, through his guardian, Julia L. Woods, and attorney for said guardian, Bernard Potter, received notice of the fact that said sale had been made shortly after the same had been consummated, and re-

ceived and accepted his *pro rata* share of the proceeds of said sale."

No attack is made upon the foregoing findings except in those particulars in which they relate to the absence of trust relations between the defendants and the minor and the propriety and legality of the acts of said defendants in the premises.

Respondents rely upon the rule as declared in *Felton* v. *Le Breton,* 92 Cal. 457, 466, [28 Pac. 490], where it is held that the inhibition upon a trustee from purchasing at his own sale is removed by the determination of a court of equity that he may be such purchaser. When the sale is made under the direction of a court of equity by officers appointed by the court, it is not a sale by the trustee, and there is no rule or principle preventing him from becoming a purchaser. This is the doctrine of the Le Breton case, and appellant has not succeeded in his effort to convince us that it does not apply here. Plaintiff admits in his pleading that the circuit court of Cook County, Illinois, acquired jurisdiction of all parties to the partition proceedings, and that this plaintiff was one of them. The decree of that court, therefore, is *res judicata* and absolutely binding upon plaintiff. The court determined in advance of the sale that certain of the heirs might become purchasers, and confirmed the sale to them through Charles Plant. The defendants had ceased to be trustees, and by ordering the sale to them by the master in chancery the court so found. Such finding may not be collaterally attacked in this suit. The property was in Chicago. The court had jurisdiction of the parties to that proceeding and of the subject matter. Under such circumstances the courts of this state may not disturb the judgment upon a collateral attack merely because the decree in the estate of Roger Plant in this state distributes the property "in trust." The judgment of the court of Illinois is absolutely binding upon the plaintiff herein. (23 Cyc. 1055; *Reed* v. *Cross,* 116 Cal. 473, 484, [48 Pac. 491]; *Estate of Harrington,* 147 Cal. 124, [109 Am. St. Rep. 118, 81 Pac. 546].)

It is argued that the case of *Felton* v. *Le Breton, supra,* is authority only where the trusteeship is coupled with a power of sale. We do not think such limitation may be placed upon it. Indeed, the opinion in that case, at page 467, discusses the reason for the rule announced, which is that where a trustee

is also a beneficiary, the court should consider his rights under the latter capacity as well as his duties under the former office. Even a cotenant who may not purchase and assert an outstanding title against his cotenants may purchase *their own* titles at a judicial sale. (*McNutt* v. *Nuevo Land Co.*, 167 Cal. 459, 466, [140 Pac. 6], in which, by the way, *Felton* v. *Le Breton* is incorrectly cited as *Felten* v. *Le Breton.*)

It follows from the foregoing discussion that the judgment must be affirmed, and it is so ordered.

Henshaw, J., and Lorigan, J., concurred.