MITCHELL et al. v. THOMPSON et al.*
(No. 363.)

(Court of Civil Appeals of Texas. Waco. May 20, 1926. Rehearing Denied July 1, 1926.)

**1. Wills ⊜⇒577.**

Husband devising land belonging to community will be presumed to have intended only to dispose of his interest, in absence of clear intent to dispose of entire title.

**2. Wills ⊜⇒792(5).**

If husband assumes to dispose by will of entire title to community property, burden is on those claiming under him to show that wife elected to take under will.

**3. Wills ⊜⇒792(1).**

Continued occupancy of homestead after death of husband held not·to show election to take life estate under will of husband, in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 3424, and Const. art. 16, § 52.

**4. Wills ⊜⇒792(1).**

Action indicating election to take under will must be unequivocal, and with intention to make election.

**5. Wills ⊜⇒790.**

Widow is not required to elect whether to take under will of husband until will has been probated, although she may elect theretofore.

**6. Wills 792(3).**

Election to take under will must be by definite act performed, with full knowledge of cir-

cumstances and property rights involved, and definite intention to elect, but mere intention is not election.

**7. Wills ⊜⇒792(3).** .

Widow, continuing to occupy homestead after husband's death, but not shown to have known of his will devising her life estate in homestead, held not shown to have elected to take under will.

**8. Infants ⊜⇒84.**

Next friend of infant is fiduciary only in sense that he may institute and prosecute suit in behalf of minor, and to extent that he is recognized by court as proper person to act in that capacity.

**9. Infants ⊜⇒84.**

Next friend is not fiduciary in sense that he has right to receive, dispose of, possess, or control property or funds of minor, except on executing good and sufficient bond.

**10. Partition ⊜⇒103.**

Father of infants suing as their next friend in partition proceeding held not precluded from purchasing property at sale which court was authorized to make, in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 6122.

**11. Infants ⊜⇒40.**

Purchase of property at judicial sale by next friend of infant parties of suit resulting in sale held not voidable at option of infants on attaining majority.

**12. Trusts ⊜⇒198.**

Trustee cannot purchase property of beneficiaries at his own sale.

**13. Trusts ⊜⇒198.**

Purchase by trustee of property of beneficiary under sanction, and with express permission, of court, after trustee is divested of fiduciary responsibility, is valid.

**14. Infants ⊜⇒40.**

Court may permit fiduciaries not divested of relation to purchase at judicial sale, and such sale cannot be set aside by minors, in absence of fraud or collusion.

**15. Infants ⊜⇒113.**

Minors suing by next friend are as much bound by judgment as if they were of full age.

**16. Partition ⊜⇒109(6).**

Purchasers from one holding title under partition sale for value and without notice of defects in partition proceeding will be protected as innocent purchasers, notwithstanding mistakes or irregularities in partition proceeding.

Appeal from District Court, Johnson County; Irwin T. Ward, Judge.

Suit by Mrs. Helen Mitchell and others against D. C. Thompson and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

Phillips, Trammell & Chizum and Evan S. McCord, all of Fort Worth, for appellants.

---

Ralph Randolph, of Dallas, Walker & Walker and W. R. Walker, all of Cleburne, and Locke & Locke, of Dallas, for appellees.

STANFORD, J. This suit was brought by appellants Mrs. Helen Mitchell and Mrs. Neva Allmon, joined by their husbands, J. W. E. Mitchell and O. E. Allmon, against D. C. Thompson, Joel Stout, Mrs. Elva Bounds and husband, John Bounds, Mrs. Annice Kennedy and husband, J. D. Kennedy, Mrs. Alice Claunch and husband, Girt Claunch, Fred McGee, Eva Gillette and husband, Fred Gillette, Fay Woodward, Bonnie Belle Winn and husband, N. J. Winn, O. C. Jones, Franklin Life Insurance Company, W. R. Bollin, Mrs. Josephine Bollin, a widow, T. J. Hudson, S. B. Rutledge, and S. L. Fowler. The object of the suit was to recover 107½ acres of land situated in Johnson county, Tex., and also to set aside a judgment of the Johnson county district court partitioning said land, entered on March 11, 1908, in cause styled Helen and Neva Thompson, by D. C. Thompson, Next Friend, v. Joel Stout et al., No. 6004. It is thought the following brief statement will help to understand this case:

J. M. Stout and Jane E. Stout were husband and wife, and owned and occupied the land in controversy as their homestead, the same being their community property. J. M. Stout made a will in favor of Mrs. Arminta Thompson, the mother of plaintiffs. He died in 1900. Mrs. Stout continued to occupy the land as her homestead until her death in 1906. She did not leave a will. No effort was made to probate J. M. Stout's will until after the death of Mrs. Stout. Their daughter, Arminta Thompson, died in 1904, leaving two children, the plaintiffs, Neva and Helen Thompson, and D. C. Thompson, her husband. Mr. Stout's will was found in his desk after Mrs. Stout's death, and was probated by D. C. Thompson. Mr. and Mrs. Stout also left other children, Mrs. Elva Bounds, Joel Stout, Mrs. Kennedy, Mrs. McGee, who died, leaving two children, Fred McGee and Alice Claunch, Mrs. Jones, who died leaving one child, Bonnie Belle Jones and Mrs. Woodward, who died, leaving Eva and Fay Woodward. All the parties died intestate except Mr. Stout.

In 1907 Neva and Helen Thompson, by D. C. Thompson, their father and next friend, instituted suit in the district court of Johnson county against the other heirs of J. M. Stout and Mrs. Stout for a partition of the land. All the parties were cited or entered appearance. The defendant minors were duly served with citations and were represented by guardians ad litem appointed by the court. On March 11, 1908, judgment was rendered finding that advancements had been made during the lifetime of their parents to Joel Stout, Mrs. Kennedy, and Mrs. McGee of their shares of the estate, and partitioning a part of the land to Mrs. Bounds, and the sale of the tracts in controversy by the court to D. C. Thompson, and partitioning the proceeds between Neva and Helen Thompson, the Woodward children and Bonnie Belle Jones. D. C. Thompson was first divested of his trust relation to the plaintiffs, and these duties were assumed by the court and, by the court's direction, F. E. Adams and R. S. Phillips, attorneys for the plaintiffs. S. F. Fowler and Mrs. Josephine Bollin hold the land by mesne conveyances from D. C. Thompson and Mrs. Elva Bounds. They paid the reasonable market value of the property. The Franklin Life Insurance Company has a loan of $5,000 on the S. L. Fowler tract. These parties purchased the land, and made the loan without notice of any of the contentions relied on by appellants to impeach the title, except such as are disclosed by the title record. The court entered judgment for defendants, appellees herein, on an instructed verdict; hence this appeal by plaintiffs, appellants herein.

### Opinion.

Under several assignments, appellants contend that the trial court erred in refusing to instruct a verdict in their favor, and in instructing a verdict for appellees. These assignments require a consideration of the entire evidence, and so will be considered together; and, as bearing upon the validity of the partition judgment of 1908, in cause No. 6004, as between the parties, it becomes important to determine whether or not the minor plaintiffs in said cause received substantially their rights, and, as this latter question in a measure is dependent upon the construction to be placed upon the J. M. Stout will, and whether or not Mrs. Stout, the wife of J. M. Stout, elected to take under said will, we will first consider said will, and whether or not Mrs. Stout elected to take under said will.

[1-7] That the land in question was the community property of J. M. Stout and wife is conceded by all parties. That it was the homestead of Stout and wife, occupied by them as such at the time of his death, and for many years prior thereto, is admitted by all parties. That J. M. Stout and wife each owned an undivided one-half interest in said community homestead is not questioned. It is not entirely clear from the reading of the entire will whether J. M. Stout intended to dispose of the entire title to said property, or only his interest in same. This question is at least doubtful. The presumption of law is that he intended to dispose of only his interest. But, even if J. M. Stout did intend to bequeath to Arminta Thompson the entire interest in said property, said instrument was ineffectual to accomplish such intention, unless Mrs. Stout elected to take under said will. The burden of proof to show she did elect to take under said will was upon appellants. J. M. Stout died in 1900; Mrs.

Stout died in 1906. The will was not offered for probate until after Mrs. Stout's death. In fact, it seems the family did not know of the existence of the will until after Mrs. Stout's death, when it was found in J. M. Stout's old trunk by Joel Stout and D. C. Thompson, and by Thompson propounded for probate. Outside of the testimony of Lewis and wife, there is no evidence that Mrs. Stout even knew of the existence of the will. It was not seen in her possession during her lifetime, nor found in her effects after her death, but was found in a desk belonging to J. M. Stout. Mrs. Stout did not mention the will, or discuss it with any of her relatives or friends, or act in any way to indicate an election under the will. She continued to occupy the homestead until her death, but she had this right under the law, as surviving widow, and her occupancy of her homestead did not tend to show an election to take the life estate under said will. Const. art. 16, § 52, article 3424, Vernon's Sayles' Statutes. The action of election must be unequivocal, and with the intention to make an election. 40 Cyc. 1976, 1977; McClary v. Duckworth (Tex. Civ. App.) 57 S. W. 317; Mayo v. Tudor's Heirs, 74 Tex. 471, 12 S. W. 117; Wichita Valley Ry. Co. v. Somerville (Tex. Civ. App.) 179 S. W. 674. Mrs. Stout was not required to elect under the will before it was probated, but an election could be made before probate. 40 Cyc. 1976; Dunn v. Vinyard (Tex. Com. App.) 251 S. W. 1043. The only evidence relied upon by appellants was the evidence of Lewis and wife, who were tenants on the Stout farm in 1904. They testified, in substance, not on the trial of the partition suit in 1908, but on the trial of this cause in 1925, that Mrs. Stout in 1904 said to them that the farm was to be Mrs. Thompson's after her death—that Mr. Stout had willed it to her. Even if she made the statements testified to by the Lewises, such evidence, we think, is of no probative force as tending to show an actual acceptance under said will. An intention to elect, no matter how often expressed, is not an election. In the absence of an express election, there must be a definite act performed, with full knowledge of the circumstances and of the property rights involved, and with the definite and conscious intention of electing. Waggoner v. Waggoner, 111 Va. 325, 68 S. E. 990, 30 L. R. A. (N. S.) 648; Owens v. Andrews, 17 N. M. 597, 131 P. 1004, 49 L. R. A. (N. S.) 1072–1084. There is no evidence that Mrs. Stout did elect to accept under the will of her husband, J. M. Stout. This being true, Arminta Thompson, the daughter of J. M. Stout and wife, and mother of appellants, took only a half interest in said property by virtue of her father's will.

On the trial of said partition suit No. 6004, in 1908, all of the children and their descendants of J. M. Stout and wife disclaimed any interest in said estate, because they had received their part by advancements, except Mrs. Bonds, who, as a daughter, claimed a child's part, Eva and Fay Woodward, who, as the daughters of Mollie Stout, jointly claimed a child's part, Bonnie Belle Jones, who, as the daughter of Minnie Stout, claimed a child's part, and the plaintiffs, who, as the daughters of Arminta Stout, jointly claimed a child's part. So plaintiffs, as heirs of their mother, Arminta Thompson, were entitled, in addition to the half interest which their mother took under the J. M. Stout will, to a fourth interest in their grandmother's one-half interest, or, in other words, to an undivided five-eighths interest in the homestead tract, whereas, under the partition judgment of 1908, the plaintiffs were awarded an interest equivalent to an undivided two-thirds interest in the homestead tract. For this additional interest in the homestead tract awarded plaintiffs by the decree of 1908 they relinquished a small interest in a house and lot in Alvarado, valued at $350, and a small tract of timber of pasture land containing about 20 acres. There is no contention by appellants in this suit that the additional interest acquired by the plaintiffs in the black land farm was not the equivalent of the small interest they yielded in the $350 house and lot and in the small pasture tract. It thus appears that the judgment of 1908 fairly settled and adjudicated the plaintiff's interests in said community estate. But the record discloses there was a further benefit received by appellants by reason of the partition decree of 1908. J. M. Stout, in his will, stated:

"In this connection I will here publish that I have heretofore given to my daughter, Mrs. Mattie McGee, 80 acres of land out of the J. M. Stout survey; I have given my son, Joel Stout, 80 acres of land out of the D. Mitchell Survey; I have given unto Mollie Woodward $500.00 in cash; and I have given unto Mrs. Elva Bounds a valuable house and lot in the city of Alvarado, besides a tract or two of timber land."

These recitations in the will evidently were intended to explain why said parties were not given anything in said will, and why he gave the home tract to Arminta Thompson, but, as a matter of fact, J. M. Stout had never conveyed to Mrs. Bounds anything. The will was not probated until 1906. The time for applying for a writ of certiorari or for filing an independent proceeding to have the probate of will set aside had not expired. Mrs. Bounds and Mrs. Woodward were dissatisfied, and were threatening to have the probate of said will set aside. By the partition suit, giving Mrs. Bounds the property her father intended to give her, but which by oversight he had failed to do, and by making a proper settlement with the Woodward heirs, all of which is evidenced by the partition, the whole matter was, we think, amicably and fairly adjudicated, and doubtless a lawsuit avoided. So, as shown by the record.

this was in fact as well as in name a partition suit; that said partition suit was proper to protect the interests of appellants, as well as others interested in said lands; that said partition judgment did adjudicate and fix the interests of the respective parties in a manner that was fair and just to all, with no evidence of any fraud, collusion, or unfairness on the part of anyone, giving to the minor plaintiffs, appellants herein, all they were entitled to, if not more.

The next contention of appellants, urged under these assignments, is that the judgment of partition of 1908 is void, because D. C. Thompson, the next friend of appellant in said partition suit, was permitted to buy the land sold for the purpose of partition. The record discloses that the partition suit was brought in 1907 by Helen and Neva Thompson, by D. C. Thompson, their father, as next friend. R. S. Phillips and F. E. Adams were the attorneys of record for said minors. Andrew King was attorney of record for Elva Bounds and husband, John Bounds. The record further shows that on March 11, 1908, "the case being duly called for trial, thereupon came Neva Thompson and Helen Thompson, minors, by their next friend, D. C. Thompson, as well as by their attorneys, R. S. Phillips and F. E. Adams, and also came defendants Mrs. Elva Bounds and her husband, John Bounds, by their attorney, Andrew King," and all other parties except those that had filed disclaimers. Among other things, the judgment recites:

"And it is satisfactorily shown to the court that D. C. Thompson (the father of Neva and Helen Thompson, minor plaintiffs herein) is in every respect a suitable and qualified person to bring and prosecute this action as the next friend of his children, the said minor plaintiffs, * * * and, after announcement of readiness for trial, the matter was submitted to the court for adjudication both on the facts as well as on the law of the case, no jury having been demanded by any party to the suit; and thereupon the court heard all the pleadings in the case and all the evidence submitted by each and all of the parties to the suit, and, after consideration thereof, the court now here finds, adjudges, and decrees as follows."

The court first decrees that the parties who filed disclaimers take nothing. Also:

"The court finds that it is agreed by and between the plaintiffs in this suit, Neva Thompson and Helen Thompson, acting herein by their father and next friend, D. C. Thompson, as well as their attorneys, F. E. Adams and R. S. Phillips, and by the defendants Mrs. Elva Bounds and her husband, John Bounds, and Eva Woodward and Fay Woodward, minors, by their father and guardian and litem, heretofore duly appointed to represent them herein, and Bonnie Belle Jones, defendant, by her father and guardian ad litem herein, duly appointed to represent her in this cause,"

—that Elva Bounds take as her part of said estate the house and lot in Alvarado, describ-

ing same, also the small tract of timber land above referred to; said judgment further reciting:

"And the court here now acting on its own motion under the pleadings and evidence in the case finds that the said agreement as to the partition of the Elva Bounds' interest in the said lands and lot is a fair, just, and equitable partition and settlement of her interest in the lands mentioned in plaintiffs' petition and in this decree, and that such partition and settlement should be approved by judgment of this court in this cause as binding and obligatory upon the other parties hereto,"

—said house and lot and timber land being decreed to the said Elva Bounds. As to the homestead tract said decree recites:

"The court finds that it has been agreed by and between the plaintiffs in this suit, Neva Thompson and Helen Thompson, as well as by their attorneys, F. E. Adams and R. S. Phillips, acting for them under the immediate direction of the court, and by the defendants Mrs. Elva Bounds and her husband, John Bounds, and Eva Woodward and Fay Woodward, minors, by their father and guardian ad litem, heretofore appointed to represent them in this case, and Bonnie Belle Jones, defendant, by her father and guardian ad litem, heretofore duly appointed to represent her in this case, that said 86-acre tract in partition should be disposed of as follows: It is agreed by and between the parties aforesaid named that the said tract No. 1 of 86 acres (prairie) be sold to D. C. Thompson (father of said Neva and Helen Thompson, minors) upon the following terms and conditions,"

—said judgment reciting further, in substance, that in payment for the said 86 acres the said D. C. Thompson shall execute to Eva and Fay Woodward, minors, two vendor's lien notes for $500 each, due January 1, 1911, and January 1, 1912, said notes being in the usual form of vendor's lien notes, etc., and that D. C. Thompson execute two vendor's lien notes to Bonnie Belle Jones for $500 each, due January 1, 1909, and January 1, 1910, etc., and, further, the said D. C. Thompson, in payment for said land, execute to Neva and Helen Thompson minors, his vendor's lien note for $4,000, due on or before January 1, 1923; it being agreed by the parties in interest that the sum of $6,000 is a fair and just price for said 96 acres, and that the interest of Eva and Fay Woodward in said 86 acres is fairly compensated by said $1,000 in vendor's lien notes, that the interest of Bonnie Belle Jones in said 86 acres is fairly compensated by the said $1,000 in vendor's lien notes, and that the interest of Neva and Helen Thompson in said 86 acres is fairly compensated by said $4,000 in vendor's lien note awarded to them, said decree continuing:

"And the court, here now acting on its own motion under the pleadings and evidence in this case, finds that the said agreement as to the partition of the said 86 acres, as above, is

a fair, just, and equitable partition and settlement, and should be approved by the judgment of this court in this cause as binding and obligatory upon all the parties equitably and legally interested in the partition of the lands and lot described in plaintiff's petition."

Whereupon the court entered judgment approving said agreement and making said agreement the judgment of the court and decreeing that said land be sold by J. S. Hoffman, commissioner appointed by the court, to D. C. Thompson for $6,000, evidenced by vendor's lien notes as above described, and that, upon the making of said conveyance by the commissioner of this court, and the execution and delivery by the said D. C. Thompson of the several vendor's lien notes as above shown, and delivery thereof to said commissioner of this court, then the said D. C. Thompson shall, subject to said vendor's lien notes, be adjudged to be the owner of the 86 acres of land, to have and to hold unto him, subject to such vendor's liens, and to his heirs and assigns, forever, etc. Then follows order appointing J. S. Hoffman, the commissioner of said court, to execute, acknowledge, and deliver the conveyance to the said D. C. Thompson, hereinbefore authorized in this decree, and to receive the vendor's lien notes directed to be executed by the said D. C. Thompson; said decree further reciting:

"And it is now here shown to the court that the said commissioner aforesaid has executed conveyance as above, and has received from the said D. C. Thompson the vendor's lien notes required above to be made by him, it is therefore ordered that this decree be held as final disposition of this cause, and be held, taken, and construed as the final judgment in this cause. * * * It is further ordered by the court that the commissioner of this court shall deliver the notes awarded to Eva and Fay Woodward, minors, to the legally qualified guardian of the estates of said minors, and shall deliver the notes awarded to Bonnie Belle Jones, minor, to the legally qualified guardian of the estate of said minor, and shall deliver the note awarded to Neva and Helen Thompson, minors, to the legally qualified guardian of the estate of said minors."

We have copied rather extensively from the judgment of partition rendered in 1908 for three reasons: (1) There is no evidence that the recitals of said judgment are untrue; (2) said judgment speaks for itself as to what was done and the manner in which it was done; (3) as to whether or not appellees, who hold title to the land in controversy by mesne conveyances from D. C. Thompson and Elva Bounds for valuable consideration paid, are innocent purchasers depends upon the recitals of this partition judgment.

[8-10] A next friend is a fiduciary only in the sense that he may institute and prosecute a suit in behalf of a minor if, and to the extent that, he is recognized by the court as a proper person to act in such capacity. He may continue to act only by permission and at the sufferance of the court. A next friend is not a fiduciary in the sense that he has the right to receive, dispose of, possess, or control any property or funds of such minor, except under certain conditions by executing a good and sufficient bond. But, if D. C. Thompson did occupy a fiduciary relation to the minor plaintiffs in the partition suit of 1908, it does not necessarily follow that he was thereby incapacitated to purchase the property at a judicial sale made to him by the court or under its direction, or that such sale so made was voidable at the option of the plaintiffs upon their attaining their majority, irrespective of whether the sale was fair and devoid of fraud or collusion. Our district courts are vested with all of the powers exercised by courts under the general rules of equity. Article 6122, Vernon's Sayles' Statutes of 1914, provides:

"Provisions of this title shall not affect the mode of proceeding prescribed by law for the partition of estates of decedents among the heirs and legatees, nor shall such provisions preclude partition in any other manner authorized by the rules of equity; which rules shall govern in proceedings under this title in all things not provided for in this title."

[11-15] Under the inherent equity powers of the court, and under the provisions of our statutes, the court had the power and authority to make the sale which was actually made, and under the very circumstances under which it was made. Moore v. Blagge et al., 91 Tex. 151, 38 S. W. 979, 41 S. W. 465, and cases cited. The validity of the 1908 judgment cannot be made to turn on whether or not the court correctly authorized Thompson to purchase. The question is, Did the court have the power to authorize him to purchase? The difference between the existence of the power and the irregular exercise of such power must be kept in mind. Moore v. Blagge, supra; Simmons v. Arnim, 110 Tex. 323, 220 S. W. 66. Appellants contend the sale was void because made to D. C. Thompson. That a trustee cannot purchase at his own sale the property of his beneficiaries is a sound proposition of law, but there are exceptions to this rule as well established as the rule itself. A purchase by a trustee under the sanction of the district court, with the express permission of the court, or after being divested of the fiduciary responsibility, is valid. The court found that the tentative agreement for the sale to D. C. Thompson was made in behalf of the minors, not by D. C. Thompson as their next friend, but, under the immediate direction of the court, by F. E. Adams and R. S. Phillips, the attorneys of record representing said minors, whom the court expressly found and recognized to be suitable persons to so act. The court on his own motion heard the evidence, and, after considering the pleadings and evidence, found that said tentative agreement to sell 86 acres to D. C. Thompson for the price and on the terms specified

.in said agreement was fair and just and the fair value of said land, and was for the best interests of said minors, and the court adopted, approved, 'and made said agreement the judgment of the court, and in said judgment appointed a commissioner, and directed said commissioner to execute the deed to D. C. Thompson and to take the vendor's lien notes executed by D. C. Thompson, as set out and described in the court's judgment, etc. It will thus be seen that D. C. Thompson had nothing to do with making even the tentative agreement to sell. In said. tentative agreement, and in the conduce of the sale, D. C. Thompson had no part.' The price to be paid for the land, the terms of payment, and the purchaser were all fixed in the judgment of the court, and the court, through the court's commissioner, actually made and consummated the sale to D. C. Thompson. There is no contention either by pleading or evidence that there was any fraud or collusion on the part of any one in any way connected with said sale. There is no evidence that the sale was not fairly made, and for the fair value. The rule is practically universal that the court has the inherent equity power to permit even fiduciaries who have not been divested of their fiduciary relation to purchase at a judicial sale trust property, and that a sale so made is valid against minors, and that such sales cannot be set aside at the option of such minors, in the absence of a showing of fraud or collusion against them. Colgate's Executor v. Colgate, 23 N. J. Eq. 372, 382 and 383; Corbin v. Baker, 167 N. Y. 128, 60 N. E. 332, 334; Larrabee v. Larrabee (Ky.) 71 S. W. 645; Lee v. Howell, 69 N. C. 200; Doe v. Hassell, 68 N. C. 212; Scholle v. Scholle, 101 N. Y. 167, 4 N. E. 334; Allen v. Gillette, 127 U. S. 589, 593, 8 S. Ct. 1331, 32 L. Ed. 271; Brody v. Hochstadler, 160 App. Div. 310, 144 N. Y. S. 634; Parish v. Parish, 175 N. Y. 181, 67 N. E. 298; Howell v. Howell, 77 Or. 539, 152 P. 217; Clements v. Ramsey (Ky.) 4 S. W. 311; Plant v. Plant, 171 Cal. 765, 154 P. 1058; Hayes v. Hall, 188 Mass. 510, 74 N. E. 935; Bassett v. Shoemaker, 46 N. J. Eq. 538, 20 A. 52, 19 Am. St. Rep. 435. See, also, Erskine v. De La Baum, 3 Tex. 417, 49 Am. Dec. 751; Howard v. Davis, 6 Tex. 174; Scott v. Mann, 33 Tex. 725. As a general rule, and as incident to the right to sue by next friend, minors are as much bound by a judgment to which they are parties as if they were parties of full age. Cannon v. Hemphill, 7 Tex. 184; Miller v. Foster, 76 Tex. 479, 13 S. W. 529; Day v. Johnson, 32 Tex. Civ. App. 107, 72 S. W. 426; Burke v. N. P. Ry. Co., 86 Wash. 37, 149 P. 335, Ann. Cas. 1917B, 919; Grogan v. Spaulding (Tex. Civ. App.) 155 S. W. 1014; note, Ann. Cas. 1917B, 922.

[16] The record discloses that the district court had jurisdiction of all the parties interested in the partition of the estate involved, and also the subject-matter of said suit; that said proceeding was regular in all respects, special care being taken by the court and by the attorneys representing said minor plaintiff's to protect the interest of said minors, without any evidence to raise a suspicion of fraud or collusion on the part of any one connected with the rendition of the partition judgment of 1908 or the sale of the land thereunder to D. C. Thompson. We think, clearly, the trial court had the right to sell the land in controversy to D. C. Thompson in the manner shown by the record, and that said judgment is upon its face in all respects regular and valid. The record further shows that appellees now hold said land by mesne conveyances for value from D. C. Thompson and Mrs. Elva Bounds, without any notice of any defect or irregularity in said partition proceeding, if any, and relying upon the recitals·contained in the face of said judgment, and, this being true, even if there were mistakes or irregularities in said proceeding, nevertheless appellees were entitled to recover as innocent purchasers. The trial court was correct in instructing a verdict for appellees and in refusing to instruct for appellants. We overrule these assignments.·

In view of our disposition of the above assignments, appellants' other assignments become immaterial as to appellants' rights, and unnecessary to be considered.

The judgment of the trial court is affirmed.